## TARPLEY *vs.* CORPUTT.

1. Under the constitution of 1877, justice courts must be held at stated times and places in the districts, and that whether held by the justice or by the notary public.
2. Where a plaintiff brings two actions on account against the same defendant to the same term of a justice court, and the defense is the same in each, or none is filed, the cases should be consolidated on motion if the aggregate amount does not exceed the jurisdiction of the court.

Justice Courts. Constitutional law. Before Judge MERSHON. Laurens Superior Court. October Term, 1879.

Corputt began two actions on account in the justice court 342d district, G. M., of Laurens county, before David P. Robinson, a commissioned notary public of that district, against Tarpley. The actions were brought to the fourth Tuesday in July, 1879, and on that day judgments were rendered against defendant.

Defendant appeared in court and filed his plea to the jurisdiction, alleging that said court could not legally and constitutionally sit on said fourth Tuesday, because there had already been one sitting of said court in said district on the second Tuesday, and that said court had not been

Tarpley *vs.* Corputt.

adjourned from the second to the fourth Tuesday, but had been adjourned from said second Tuesday in July to the second Tuesday in August, the next succeeding term, and all the business therein was finished.

The court overruled defendant's plea. Defendant then moved to consolidate the two said cases, as both of them did not reach the sum of fifty dollars, and both were accounts, and between the same parties. The court overruled defendant's motion and rendered separate judgments, with cost. Defendant sued out a *certiorari*, alleging error in both these rulings.

On the hearing there was no controversy about the facts. It was admitted that the justice of the peace in that district held his court on the second Tuesday in each month, while the notary and ex-officio justice had appointed the fourth Tuesday. The court dismissed the *certiorari*, and defendant excepted.

ROLLIN A. STANLEY, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

This *certiorari* makes two points: first, that the court held by a notary public on the fourth Tuesday of the month when the case was tried was no legal court, because the justice court for that district had been already held that month on the second Tuesday at the regular time and place by the justice of the peace for that district; and secondly, that the notary public, acting as justice of the peace and holding the court, refused to consolidate two actions of account brought at the same time and involving the same issue, and when consolidated were within the jurisdiction of the conrt.

The superior court held that the notary was right, and dismissed the *certiorari*.

We think that the court was wrong on both points— certainly on the last.

1. Before the constitution of 1868, but one justice court could be held in a district, and at but one place. That constitution gave justices of the peace the right to sit at any time they pleased for the trial of cases. Code, §5 104.

The constitution of 1877 declares that they "shall·sit monthly at fixed times and places." Notaries public, not to exceed one for each district, may be appointed, and "shall be *ex-officio* justices of the peace." Sup. to Code, §§632–634.

It is not provided in the constitution that notaries public shall sit at all, as a court, but an act was passed at the session of 1879 enabling them to hold court monthly, and at fixed times and places. Under the constitution of 1877, there can be but two magistrates authorized to act as justices of the peace in one district; the one a justice of the peace *co nomine,* the other a justice of the peace *virtute officii*—by virtue of office as notary. So under the old system there were two justices of the peace in each district, and they sued cases separately and kept separate dockets, but the court was held at one time and place, and both sat at that time and place. It seems to have been the intention of the framers of the constitution of 1877 to restore the old order of things, and to have but one justice court in each district, so far as time and place are concerned.

2. Clearly the defendant had the right to have the two suits consolidated, both cases being on accounts and sued at the same time and on trial at the same place and before the same notary, and the defense being the same—that is, there being no defense to either on the real merits—and the aggregate sum not ousting the jurisdiction.

In 13th *Ga.,* 201, it is ruled "that where the plaintiff institutes different suits upon separate and distinct notes or demands which are all due and may be joined in the same action, and defendant or his counsel shall make it satisfactorily appear to the court that the defense to all the notes or demands is the same, or that there is no de-

fense to them, then the plaintiff may be compelled to con-
solidate them into one action for the purpose of avoiding
unnecessary costs to the defendant." And in 45 *Ga.*, 96,
the principle is applied to justice courts in these words:
"Where two actions are brought by the same plaintiff
against the same defendant in a magistrate's court, at the
same term, on several promissory notes given for the same
consideration at the same time and payable to the plain-
tiff, the defendant is entitled to have them consolidated,
provided that when consolidated the aggregate amount
does not oust the court of jurisdiction." That principle
controls this case, and covers it exactly, except that here
the suit is on accounts and there it was on notes.

That can make no difference. Let this matter rest in
the discretion of the justice court, where the superior
court put it, and cases never would be consolidated, be-
cause the justice's interest to increase his own costs would
impel him to deny the motion. It is wiser to force him
to consolidate and save defendants the costs.

Judgment reversed.