JOHNSON *vs.* HEITMAN.

1. A judgment rendered by a justice of the peace in a civil case else-where than at the place for holding the justice courts for his district is void.

2. The constitution of 1877 and the act of 1879, passed in pursuance thereof, provide for uniformity of practice in courts of the same grade, and therefore the rule in regard to holding justice courts applies as well to the city of Savannah as elsewhere, in spite of any previous local law to the contrary.

Justice Courts.   Jurisdiction.   Judgments.   Before Judge FLEMING.   Chatham Superior Court.   March Term, 1881.

Reported in the decision.

A. P. & S. B. ADAMS, for plaintiff in error.

R. R. RICHARDS, for defendant.

CRAWFORD, Justice.

The single question controlling this case is whether a judgment rendered by a notary public and *ex officio* justice of the peace for the second district, Georgia militia—the same being in the city of Savannah—at another place than that fixed by the ordinary of said county, is a legal and valid judgment.

Section 462 of the Code declares that all judgments rendered in any civil cause elsewhere than at the place for holding the justice courts for the district, shall be void. But it is claimed that the justice courts for the city of Savannah do not fall within the provisions of the general law on this subject.

Before the constitution of 1868, by the general law of the state, there was only one justice court held for each district, and that was at one particular place, and specified

Johnson *vs.* Heitman.

time in each month. After the adoption of the constitution of 1868, that system was changed, and the justices were authorized to hold their courts at their pleasure for the trial of cases. See §5104.

The constitution of 1877 provided for the restoration of the old system; and the act of the legislature of July, 1879, carried the constitutional provision into effect by re-establishing it, and repealing all laws general or local which were in conflict therewith. See *Tarpley vs. Corput*, 65 *Ga.*, 257; see also, acts 1878–9, p. 31.

It is, however, insisted that the general law did not apply to the city of Savannah; perhaps after the local act of 1863–4, it did not, but the constitution of 1877, not only provided as above noted, but further provided by article 6, section 9, par. 1, that the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, should be uniform, and that this uniformity must be established by the general assembly. This uniformity has been provided for by the act aforesaid. It is further contended that this judgment was rendered at the legally appointed place designated by the ordinary of the county. An examination of the order of the ordinary does not show a clear designation of this place as the one for the holding of the justice courts for the second district Georgia militia, of Chatham county, whilst the order passed upon the application of the other magistrate does. There being no error the judgment is affirmed.

Judgment affirmed.