## HARBIG *vs.* FREUND & COMPANY.

1. Where a defendant has been served with process issuing from a court of competent jurisdiction, and has had, or could have had his day in court, he is concluded by the judgment.　He cannot by affidavit of illegality attack such judgment and set up defences which existed and could have been pleaded before it was rendered.

2. While it is provided by the constitution of 1877 that justices of the peace shall sit at fixed times and places, yet when this provision is construed in connection with section 9, paragraph 1, it is evident that legislative action was contemplated to establish uniformity in in these courts.　The act of July 21st, 1879, was passed for this purpose.

(*a.*) The judgment in this case was rendered prior to the passage of the act of 1879, and was not controlled by it.

(*b.*) While legislative action may not have been necessary to bring those counties where no local laws existed on the subject of justices of the peace directly under the constitutional provision, it was cer-tainly necessary where such laws did exist.

(*c.*) This case differs from *Tarpley vs. Corput, 65 Ga., 257; Johnson vs. Heitman,* and *Stansell & Wofford vs. Hays et al., 67 Ga., 482,* 487.　In each of those cases the defendant interposed his ob-jection to the rendition of the judgment.

December 19, 1882.

Illegality. Judgments. Justice Courts. Constitutional Law. Before Judge SNEAD. Richmond County. At Chambers. August 1, 1882.

A *fi. fa.* in favor of Freund & Company *vs.* Harbig was levied on certain realty. The defendant interposed an affidavit of illegality on the grounds stated in the decision. The case was carried to the superior court by appeal, and there was submitted to the judge without a jury, the facts having been agreed upon and reduced to writing to be used on the trial. ‘ The place of holding the justice court from which the *fi. fa.* issued appears to have been destroyed, and a portion of the agreed statement supplied the place of records from that court. This portion of the agreement was, in brief, as follows:

On May 14th, 1879, Freund & Co. began suit in the justice's court of 398th District *vs.* George Harbig, based upon a note for $81.00, dated November 21, 1878. There was personal service May 14, 1879, and judgment by default June 4, 1879. The summons showed defendant to be of said city (Augusta), county and district, and was returnable June 4, 1879, to the court, etc., "to be held on Jackson street, in the May building—the court house of said district." Execution issued April 1, 1882, and, after a return of no personal property, was levied June 2, 1882, upon the realty in dispute.

In addition to this, the agreed statement contained, in brief, the following facts: The justice who rendered the judgment was elected in January, 1877, for the 398th district, G. M., and opened his court in the rear of "Masonic Hall," in the room used by his predecessor. There he held court until August or September, 1877, when he removed his office some fifty yards to a building known in Augusta as the "May building," and here he remained until the building was burned, March 10, 1880. There was no order of the ordinary establishing either of these places or any other place as the court ground of the dis-

trict until March 10, 1882.   When defendant was sued he resided in Augusta, but in the 122d district, G. M., having his place of business in the limits of the 398th district. No justice court was held within the limits of the 122d district, but both the justice of the peace and the notary public for that district held their courts within the limits of the 398th district.   At the time this suit was brought, no regular monthly terms were established by the justice for the 398th district, nor was this done until August, 1879.   The 122d and 398th districts did not adjoin.   The districts adjoining the 122d were the 120th and 123d, in each of which justice courts were held, one of them being outside of the city of Augusta.

That portion of the agreement which took the place of the record having been read, and it having been admitted that defendant was personally served, plaintiff's counsel objected to any *aliunde* testimony to show want of jurisdiction.   The court sustained this objection, and rejected the remainder of the statement of facts.   On motion of plaintiffs' counsel, the court overruled the affidavit of illegality, and defendant excepted.

Prior to the constitution and act of 1879, local laws were in force in Augusta allowing justices to hold their courts in any part of the city, and giving them jurisdiction over the entire city.   Acts 1834, acts 1839, page 55, city code of Augusta, pages 250 and 289.

Wm. K. Miller, for plaintiff in error.

J. S. & W. T. Davidson, for defendants.

Crawford, Justice.

The levy of a *fi. fa.* in favor of the defendants in error was met by the plaintiff in error in this case, with an affidavit of illegality, alleging the judgment on which it was founded void upon the following grounds:

(1.) Because the justice court of the 398th district, G.

Harbig *vs.* Freund & Co.

M., from which the said *fi. fa.* issued, had no jurisdiction over him when the judgment was rendered, as he was not a resident of that district, but of the 122d.

(2.) Because the judgment was rendered at a place which was not the place legally appointed for holding the court in the 398th district, G. M.

(3.) Because the justice court for the 398th district, G. M., did not sit monthly at fixed times and places as required by the constitution of 1877.

The case was appealed by consent to the superior court and there submitted to the judge, without a jury, on the law and facts, the latter having been agreed upon, and reduced to writing to be used on the trial. Upon the calling of the case, and after the reading of the affidavit, plaintiff's counsel demurred to the same upon the ground that it sought to go behind the judgment, the record of which showed that the defendant had been sued May the 14th, 1879, the record reciting him to be of the city of Augusta, Richmond county, and the 398th district, G. M. In connection with this demurrer, so much of the agreed statement of facts as took the place of the record of the case was submitted to the court, and were as follows: That the suit was brought May the 14th, 1879, in the justice court for the 398th district, G. M.; that the defendant was personally served on that day; that the summons recited the fact that the defendant was of the said 398th district of Augusta, Richmond county; that the said summons was made returnable to the justice court for the said district, to be held on the 4th day of June, 1879, in the May building, on Jackson street, the court house for that district; that the defendant did not appear or defend, and judgment was rendered by default against him, which was followed by execution April 1, 1882.

There being no dispute between the parties as to the foregoing facts, the judge, after argument had, dismissed the affidavit of illegality, and the defendant excepted.

1. One of the errors complained of in this ruling is

that the judge refused, upon the admission of the above facts, to allow defendant's counsel to show by *aliunde* testimony the want of jurisdiction in the court rendering the judgment, and upon which rested the grounds taken in the affidavit of illegality.

We hold that the court committed no error in that ruling. For when it is examined, it will be seen that it is but an effort to go behind the judgment and set up matters of defence to its rendition, which, if they really existed, should have been insisted on by pleas and proof at the proper time. There can be nothing better settled than that where the defendant has been served and thereby had, or could have had, his day in court, he is concluded. Code, §3671.

It is also as well settled that upon an affidavit of illegality to the execution, the validity of the judgment cannot be attacked or inquired into. 8 *Ga.*, 143; 11 *Ib.*, 137; 59 *Ib.*, 606.

Any defence arising before judgment must be pleaded before judgment. 57 *Ga.*, 608. To deny that a judgment ought to have been rendered on account of pre-existing facts, is to go behind the judgment; this cannot be done where there has been service or appearance. 63 *Ga.*, 510.

Authorities need not be multiplied on this point. And these are not to be confounded with those cases where illegality has been allowed to go behind the judgment, because the want of jurisdiction was apparent upon the record or the face of the papers.

In this case, however, the jurisdiction of the person and subject-matter was in the court, under the general and local laws governing in the city of Augusta. The civil jurisdiction, as appears by statute, and not shown to have been repealed, of each of the justices of the peace for the 600th, the 398th, the 122d and the 120th districts in the county of Richmond, was made to extend over the whole corporate limits of Augusta; and each of these justices might issue process, award judgment and issue execution

Harbig *vs.* Freund & Co.

in all cases of debt or contract not exceeding in amount the ordinary jurisdiction of magistrate's limits, where the defendant resided in any part of the city of Augusta, in the same manner as if the defendant resided in the same district with the justice.

Moreover, it appears that to these justices was given the power by local law to hold their courts at any place in said city which they might select.

2. But evidently the main ground relied on as controlling the case is, that the justice court for this district did not sit monthly at fixed times and place as required by the constitution of 1877. It is true that Article VI of the constitution deals with the subject-matter of justices of the peace, their jurisdiction, courts, etc., and in section 7, paragraph 2, it is provided that they shall sit monthly at fixed times and places; yet it will be seen in section 9, paragraph 1, that the jurisdiction, powers, proceedings and practice of all courts, or officers invested with judicial powers (except city courts) of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree by such courts severally should be uniform, and that such uniformity should be established by the general assembly.

The act establishing this uniformity was passed July 21st, 1879, whilst the judgment we are considering was rendered June 4th, 1879, thus antedating by several weeks the passage of the law. And in this it differs from the case of *Johnson vs. Heitman*, decided at September term, 1881, which was tried in one of the justices' courts in the city of Savannah, in May, 1880, nearly twelve months after the act had been passed. These justices' courts in the cities of Savannah and Augusta had local laws which regulated their jurisdiction, powers, proceedings and practice, as well as their processes and judgments, and which the constitution of 1877 declared should be by the general assembly brought into harmony with the courts of the same grade or class in the state. Whilst, therefore, the

act of the legislature may not have been necessary to bring those counties not having such laws directly under the constitutional provision above referred to, yet for those which did have them we think that it was certainly necessary.

It is also to be noted that in the cases of *Tarpley vs. Corput*, 65 *Ga.*, 257; *Johnson vs. Heitman;* and *Stansell & Wofford vs. Hays & Co.*, 67 *Ga.*, 482, 487, the defendants appeared and pleaded before judgment, the two former coming up from the justice's court by *certiorari*, and the latter by appeal, whereas the plaintiff in error in this case, though personally served, with jurisdiction both as to person and subject-matter in the justice court, failed to appear, plead or defend the suit, but waited until the levy was made, and then proposed by affidavit of illegality to go behind the judgment and inquire into the organization of the court and set up other defences.

We think that his remedy cannot reach the evil of which he complains, and the judgment below must therefore be affirmed.

Judgment affirmed.