BROOKS *v.* THE MUTUAL LOAN AND BANKING COMPANY.

The act of November 11th, 1889, "to fix the venue of justice courts in cities of this State having a population of over 15,000, and to locate the times and places of holding said courts" (Acts 1889, p. 116), which was amended by the act of December 20th, 1893, so as to be applicable to cities having a population of over 5,000, (Acts 1893, p. 55), does not, by providing that justices of the peace and notaries public who are *ex officio* justices of the peace "may hold their courts at the same or different time or at the same or different place as they may desire," violate either the constitutional requirement that justices of the peace "shall sit monthly at fixed times and places" (Code, §5153), or that clause of the constitution providing for uniformity in the "jurisdiction, powers,

proceedings and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class." Code, §5156.

December 4, 1894.

Petition for injunction. Before Judge LUMPKIN. Fulton county. September 18, 1894.

HENDERSON HALLMAN, for plaintiff.

SIMMONS & CORRIGAN, for defendant.

SIMMONS, Chief Justice.

An injunction was sought against the enforcement of certain judgments rendered by the notary public and *ex officio* justice of the peace of the 1234th district G. M., the ground of the petition being that the judgments were void because rendered at a time and place different from the time and place of holding court of the justice of the peace of the district. The court refused to grant an injunction, and the petitioner excepted. It appears that the notary did hold his court, as alleged, at a different time and place from the time and place of holding the court of the justice of the peace, but it also appears that he held it at a fixed time monthly, and that these judgments were rendered at the usual time of holding court for his February term, and at a place in the district fixed as the place of holding his court by an order of the ordinary allowing a removal thereto, and that the removal was duly advertised.

The 1234th district being in the city of Atlanta, the case falls within the provisions of the act of November 11th, 1889, "to fix the venue of justice courts in cities of this State having a population of over 15,000, and to locate the times and places of holding said courts," (subsequently amended so as to be applicable to cities having a population of over 5,000), in which act it is provided that the justice of the peace and notary public and *ex officio* justice of the peace of each district embraced in whole or in part within the corporate limits

of such cities "may hold their courts at the same or different time, or at the same or different place, as they may desire." (Acts 1889, p. 116; Acts 1893, p. 55.) It was contended, however, that under the constitution of 1877, there can be but one justice court in each district, so far as time and place are concerned, and that the provision above quoted is therefore unconstitutional. Looking to the provisions of the constitution which bear upon this subject, we find that after declaring that "there shall be in each militia district one justice of the peace," it provides that "justices of the peace . . . shall sit monthly at fixed times and places." (Code, §5153.) It then provides for the appointment of "commissioned notaries public, not to exceed one for each militia district," who "shall be *ex officio* justices of the peace." (*Id.* §5154.) It does not say, nor do we think the framers of the constitution intended to require, that the notary public and *ex officio* justice of the peace and the justice of the peace of the district shall sit at the same time and place. The evil sought to be remedied by the clause of the constitution embodied in section 5153 of the code, *supra,* was the practice existing under the constitution of 1868 of holding court continuously or at any time the magistrate might see fit to do so, and the want of any regular terms to which cases might be made returnable and at which parties might expect trials. Counsel for the plaintiff in error relied upon the case of *Tarpley* v. *Corputt,* 65 *Ga.* 257, in which it was said that "it seems to have been the intention of the framers of the constitution to restore the old order of things and to have but one justice court in each district, so far as time and place are concerned." That case, however, was decided prior to the adoption of the statute now under consideration, and the court was not then passing upon the constitutionality of an act of the legislature. It seems that the court was not without doubt on the sub-

ject, and the decision was based mainly upon a ground which had no bearing upon this question. The rule is well settled that an act of the legislature will not be set aside in a doubtful case. To authorize the court to set aside a statute as repugnant to the constitution, the conflict must be plain and palpable. It is clear, therefore, that in passing upon the constitutionality of this act, we are not bound by what was said in the case here referred to. The court in that case did not say, nor was it contended in the present case, that the framers of the constitution intended to return to the old order of things so far as to require that both magistrates should try cases together. The decision treats them as one court "so far as time and place are concerned," but does not go further than that. If they are not required to hear and decide cases together, we do not see what reason there could be for requiring them to sit at the same time and place. So far from accomplishing any good purpose, a requirement that they should sit at the same time and place, would necessarily occasion great delay in transacting the business of these courts, especially in cities where a large number of cases are brought before them each month. The more speedy trial of cases was no doubt the main purpose the framers of the constitution had in view in providing for more than one of these magistrates in each district; and it was therefore proper and necessary that they should be permitted to hold their courts at separate times and places.

There is no merit in the contention that the act in question is repugnant to that clause of the constitution which provides for uniformity in the "jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class." (Code, §5156.) That clause does not relate to the time and place of holding courts. (See *Bone* v. *The State,* 86 *Ga.* 115, 116.)

<em>Judgment affirmed.</em>