ALBERSON vs. THE MAYOR, ETC. OF HAMILTON.

1. A statute which defines the terms on which county licenses to sell intoxicating liquors in certain counties are to be granted, and prescribes a penalty for granting them unless the terms are complied with, contains but one subject-matter; and a subsequent statute having amended the first by extending its provisions to other counties, a third statute which amends the second by embracing municipal licenses granted within the limits of one of these counties, contains but one subject-matter.

2. Where the title of a third statute is to amend a second, and the object of the second was to amend the first, the title of the third is broad enough to comprehend the whole subject-matter of the

Alberson *vs.* The Mayor, etc. of Hamilton.

first and second; and if that subject-matter embraced penalty as well as duty, both duty and penalty are within the title of the third statute.

February 18, 1889.

Statutes.   Constitutional law.   License.   Liquors. Municipal corporations.   Before Judge SMITH.   Harris superior court.   April term, 1888.

Reported in the decision.

CARY J. THORNTON, for plaintiff.

B. H. WALTON and MARTIN & WORRILL, for defendant.

BLECKLEY, Chief Justice.

In 1873 (February 20th), an act was passed " to prescribe the mode of granting license to sell intoxicating liquors in the counties of Jefferson, Burke and Washington." This act inhibited the grant of any license without the written consent of two-thirds of the citizen freeholders living within three miles of the place at which the applicant proposed to sell. It also prescribed a penalty upon the ordinary for violating this restriction, declaring such violation a misdemeanor. Pamph. acts 1873, p. 271. In 1875 (March 5th), this act was amended, and its provisions were extended to several counties, including the county of Harris. Pamph. acts 1875, p. 330. In 1887 (September 20th), an act was passed, with the following caption. " An act to amend an act approved March 5th, 1875, which amended an act approved March 20th, 1873, so as to apply the provisions of said act of 1873, to the incorporated towns and villages in Harris county." It will be noticed that in describing the date of the act of 1873, March instead of February is specified as the month in which it was ap-

proved, but this is an obvious mistake, and the mistake is repeated in the body of the act. No point, however, is made upon this erroneous description. The act proceeds to insert certain words in certain positions, and then prescribes " that said amended acts shall read as follows : That it shall not be lawful for the ordinariés, county commissioners, or the mayors and councilmen of incorporated towns and villages in Harris county to grant a license to any person to sell intoxicating liquors in said county, in any quantity, unless the applicant for license shall, in addition to complying with all the requisites of the law as it now stands, present to said ordinaries, county commissioners, and mayors and councilmen of the incorporated towns and villages in said county of Harris, to be filed in their office, the written consent to the granting of said license, signed by two-thirds of the citizens freeholders within the corporate limits of said towns and villages in Harris county." Another section declares the violation of the act by any of these officers to be a misdemeanor, and prescribes a penalty therefor. Pamph. acts of 1887, p. 844.

Alberson applied to the mayor and council of Hamilton, Harris county, for a license, and the only objection to granting it was that he did not present the written consent of two-thirds of the citizens freeholders within the corporate limits of the town. Alberson applied for a *mandamus* to compel the grant of the license notwithstanding this objection. The *mandamus* was denied. Two questions are made before us on the constitutionality of the act of 1887.

1. Does it contain two subject-matters ? We think not. The first act of the series laid down the terms upon which licenses were to be granted, and prescribed a penalty for granting them when the terms were not complied with. Duty and penalty constitute but one

subject of legislation. The second act amended the first, by extending it to several counties, including Harris county; and the third amended the second, and enlarged the first, by bringing within their purview municipal license and municipal officers in Harris county. The third act, like the first, deals with the one subject-matter of regulating the grant of liquor licenses, and prescribing penalty for violation, the penalty being the very same as that which the first act prescribed.

2. Surely there is no force in the objection that the title of the third act is not broad enough. The title indicates that the second act is to be amended, and that the second had already amended the first. The first, as we have seen, embraced penalty as well as duty, and the like elements come down through the whole series. It has never been held that the title of an act passed to amend another act shall indicate more specifically the object of the amending act than was done in this instance.

The mayor and council of Hamilton had no legal authority to issue the license applied for; they did their duty in refusing; and the judge did his duty in denying a *mandamus.*

Judgment affirmed.