ADAM, county treasurer, *v.* WRIGHT, solicitor-general.

The act of the legislature approved February 15, 1873, "to provide for the payment of certain insolvent criminal costs in the Augusta judicial circuit," remains of force under the present constitution. The act points out a mode for the payment of costs of the solicitor-general, different from that prescribed in the general law, and makes insolvent criminal costs in the Augusta circuit a part of the expenses of court, when their payment is recommended in the manner prescribed.

(*a*) The act was not repealed by the act of 1879, which by its own terms was not to take effect until the expiration of the term of the then incumbent of the office, and was itself repealed before such expiration by the act of December 6, 1880. The title of the act of 1880 describes the title of the act of 1879, and declares that the former act is to be repealed; and the body of the act of 1880 contains in full the title of the act of 1879; and this is sufficient under the constitution.

(*b*) The act of 1879 having been repealed before it became operative, the repealing act did not affect the act of 1873, which never ceased to exist.

(*c*) Nor was the act of 1873 so modified by art. 7, sec. 6, par. 2 of the constitution as to forbid payment of insolvent costs out of any funds in the county treasury raised by taxation, such costs being part of the expenses of court in the Augusta circuit, when properly recommended to be paid.

March 31, 1890.

*Mandamus.* Constitutional law. Statutes. Costs. Expenses of court. Officers of court. Before Judge FALLIGANT. Richmond county, At chambers, January 20, 1890.

Reported in the decision.

Salem Dutcher and Harper & Brother, for plaintiff in error.

J. C. C. Black, J. B. Cumming and Foster & Lamar, *contra*.

Blandford, Justice.

Wright, solicitor-general, presented his petition for *mandamus* against the plaintiff in error as treasurer of Richmond county, in which he alleged that there was a certain sum due him as solicitor-general, for insolvent costs which remained unpaid by reason of a deficiency of funds arising from fines and forfeitures; that his bill for such costs had been allowed by the judge of the superior court, and its payment recommended by the grand jury. A *mandamus* absolute was issued by the judge of the superior court, requiring the plaintiff in error as treasurer to pay the amount so allowed the defendant in error.

The question in this case is, whether said solicitor-general is entitled to be paid his insolvent costs out of any funds in the county treasury, when the grand jury so recommends and the judge of the superior court so orders? The solicitor-general bases his claim to be so paid on " an act to provide for the payment of certain insolvent criminal costs in the Augusta judicial circuit," approved Feb. 15, 1873. Acts 1873, p. 225. It was contended by counsel for the plaintiff in error that this act of 1873 was abrogated by the constitution of 1877. The act is as follows : "Whenever at any term of the superior court of any county of the Augusta judicial circuit a majority of the grand jury shall so recommend, the judge of the superior court shall grant to the solicitor-general an order upon the county treasurer for the payment of any account for insolvent criminal costs, so recommended to be paid; and it shall be the

duty of the county treasurer of said county to pay the same out of any money in the treasury thereof: provided, nothing in this act shall be deemed or considered mandatory to the grand jury; but they shall have full discretion to recommend or not, as they see proper, the payment of said criminal and insolvent costs." This act was passed under the constitution of 1868, which did not provide, as is provided in the constitution of 1877, that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Code, §5027. When the constitution of 1877 was adopted, there was in force a general law of this State providing that insolvent criminal costs due solicitors-general of this State should be paid out of the fund arising from fines and forfeitures. Under this general law, which still exists, insolvent costs were not a part of the expenses of court; but this special or local law applicable to the Augusta circuit, which pointed out a different mode for the payment of costs of the solicitor-general from that prescribed in the general law, did, in our judgment, make insolvent criminal costs in that circuit a part of the expenses of court, when the payment thereof was recommended in the manner prescribed in the act. The constitution of 1877, art. 12, section 1, paragraph 4, (Code, §5233) keeps of force local and private acts passed for the benefit of counties, cities, towns, corporations and private persons, not inconsistent with the constitution. We think the act in question is not inconsistent with the constitution of 1877, and that it is kept of force by the provision thereof last cited.

It was further insisted by counsel for the plaintiff in error that if the act in question was not abrogated by the constitution of 1877, it was repealed by "an act to repeal an act entitled 'an act to provide for the payment

of certain insolvent costs in the Augusta judicial circuit,' approved February 15th, 1873, in so far as said act applies to the county of Richmond." Acts 1878–9, p. 405. It is contended, however, by the defendant in error, that this act of 1879 did not take effect, because it contained a proviso that "said repeal shall not take effect until the expiration of the term of office of the present incumbent," which was on the 31st of December, 1880; and that before the arrival of that time, to wit, December 6th, 1880, the General Assembly repealed the repealing act. Acts 1880-1, p. 650. But the plaintiff in error contends that the act of 1880 is null and void by reason of its conflict with the constitution, article 3, section 7, paragraph 17, (Code, §5076) which declares that no law shall be repealed by mere reference to its title, but the repealing act shall distinctly describe the law to be repealed. And it is insisted that the act of 1880 seeks to repeal the act of 1879 by mere reference to its title; that it fails to describe the act to be repealed, and is therefore void. The act of 1880 in its title declares that it is an act to repeal the act of 1879, which is described by its title; and the body of the act of 1880 contains in full the title of the act of 1879, and repeals the same. We think this is a sufficient description of the act of 1879. It specifies and points out distinctly the law which it seeks to repeal. The act of 1879 never went into operation and did not operate upon the act of 1873 so as to repeal the same. It was limited in its operation, in this, that it was not to be of force until the expiration of the term of the then incumbent, the solicitor-general of the Augusta circuit, and his office did not expire before the 31st of December, 1880; and the act, having been repealed before it went into operation, did not take effect upon the act of 1873. Endlich on Interpretation of Statutes, §489.

But it is further contended by the plaintiff in error

that the act of 1873, if of force, is of force not by virtue of its original enactment, but by means of the new lease of life given it by the act of 1880, and that the plain meaning of the act of 1879 is that after December 31st, 1880, the solicitor should not be paid out of the county treasury, and the act of 1880 is in effect that from and after that date he should be paid out of the county treasury. We think that, the act of 1879 having been repealed by the legislature before it became operative, the act of 1880 which repealed it did not have any tendency to revive the act of 1873. The act of 1873 did not need revivification. It had never ceased to exist, breathe and have life; for the act of 1879 which sought to extinguish it was itself killed while in embryo and before it was born. Brown v. Barry, 3 Dallas, 365; Pierce v. Hopkins, 13 Michigan, 327; Endlich on Interpretation of Statutes, §489.

It was further insisted that if the act of 1873 was neither abrogated by the constitution of 1877 nor repealed by the act of 1879, it was so modified by article 7, section 6, paragraph 2, of the constitution (Code, §5190) as to forbid payment of insolvent costs out of any funds in the county treasury raised by taxation. This clause of the constitution specifies "expenses of courts" as one of the purposes for which taxes may be levied and collected. In the view we take of this case, the act of 1873 was a special law applicable to the counties of the Augusta circuit, and made "expenses of courts" in that circuit the insolvent costs due the solicitor-general which were recommended by the grand jury to be paid; and this is therefore an object for which taxes may be levied and collected, and the act of 1873 is not repealed by anything contained in this clause of the constitution. The case of *Adair et al. v. Ellis et al.*, decided at the October term, 1889, of this court (83 *Ga.* 464), is entirely different from the case under con-

sideration. There the legislature sought by a special act, after the expiration of the offices of Ellis and Glenn as solicitors of the city court of Atlanta, to authorize and require the commissioners of Fulton county to levy and collect a tax to pay them for services which had long before been rendered by them as such solicitors, and when rendered, there was a general law applicable to solicitors of the city court of Atlanta, which pointed out the mode and manner in which they should be paid for their services. We think that decision is right, and we reaffirm it.

So upon the whole, if what we have said is correct, the judgment of the court below should be    *Affirmed.*