BLACK *et al. v.* FITE, solicitor-general.

Without some express statute to authorize it, the fund produced by hiring out convicts sentenced for misdemeanors, as provided for in ¾4814 of the code, cannot be applied by a solicitor-general to the payment of his insolvent costs, whether the costs accrued in the particular cases in which the convictions were had or in other insolvent cases. The act of 1891 (Acts 1890–1, vol. 1, p. 212) having been passed since the judgment below was rendered, does not apply to this case.                                   *Judgment reversed.*

December 28, 1891.

Costs.   Officers.   Convicts.   Before Judge MILNER. Gordon superior court.   February term, 1891.

The commissioners of roads and revenues of Gordon county, upon their petition asking that Fite, solicitor-general, be required to pay over to them a certain fund which had been collected by him for the hire of misdemeanor convicts, obtained a rule *nisi.* Upon the hearing the court refused to make the rule absolute, and the commissioners excepted. The petition alleged that at the August term, 1889, of the superior court of Gordon county, various persons, naming them, were tried and convicted of misdemeanors and sentenced to pay fines of certain amounts and all costs of prosecution, or, in default of payment, to work in the chain-gang for certain periods named; that each of these defendants failed to pay the fines imposed, and, there being no chain-gang in the county, the commissioners by authority of law hired each of them to the authorities of Floyd county in which there was a legally organized chain-gang; and that the authorities of Floyd county received each of

these convicts under the contract with the authorities of Gordon county, and worked them in the chain-gang of Floyd county and paid for their hire to Fite $233.95, which sum Fite has in his hands and refuses to pay it or any part of it.

Fite answered that when he came into office he found it had been the practice of the former solicitor-general to hire to the authorities of Floyd county all misdemeanor convicts who failed to pay fines and were sentenced to the chain-gang or to work on the public works, and to apply the money arising from the hire of said convicts to the payment of the costs in each particular case, or to the payment of insolvent costs ; that he so informed one of the members of the then board of roads and revenues of Gordon county, who agreed that he (Fite) should so dispose of such convicts, and asked him to dispose of them as soon as possible to save the county further cost of keeping and feeding them ; that he accordingly hired the convicts mentioned in the rule to the authorities of Floyd county for $233.95, which money was, at the August term, 1889, of Gordon superior court, by order of the court, applied to and paid upon the bill of insolvent costs of the officers of court, leaving a large amount due and unpaid on said bill ; that plaintiffs have not now and never did have any right or interest in the money, and if they ever did have, it is now too late to claim it, the convicts having been disposed of and the money collected and paid out as stated ; that his fees in the cases mentioned in the rule amounted to $245.53, the clerk's $61.50 and the sheriff's $50, making $346.06, an amount much larger than the sum received from the hire of the convicts ; that if the money was not properly and legally applied to the payment of the bills of insolvent costs, and is subject to the further order and judg ment of the court, it should be applied to the payment of the fees of the officers of court in such cases ; that the

money came into his hands and into court under and by virtue of the arrest, trial, conviction and hire of said convicts under sentence of the court, and plaintiffs are not entitled to it, nor in any other case entitled to similar funds or any part thereof, until all fees and insolvent costs of officers of court are paid.

It was admitted that the persons mentioned in the petition were, at the times mentioned, tried and convicted of misdemeanors and sentenced as stated, and each failed to pay the fine as stated, and that plaintiffs were not parties and before the court when the order mentioned in the answer to distribute the fund of $233.95 or apply it to the fund of insolvent costs, was taken.

DABNEY & FOUCHÉ, for plaintiffs, cited Code, §§4814, 4815, 4631, 4709, 377; Acts 1874, p. 24; 83 *Ga.* 467; 84 *Ga.* 722.

A. W. FITE, *pro se*, cited Code, §4709.