## FULLINGTON *et al.* v. WILLIAMS *et al.*

1. The truth of allegations in an equitable petition, that certain constitutional requirements had not been complied with in the passage of an act incorporating a town, cannot be shown either by admissions in an answer filed by the persons acting as mayor and councilmen of such town, who are the defendants to the petition, or by their failure to deny such allegations. The only evidence which can be legally invoked in such case is the journals of the two houses of the General Assembly.

2. Following the decision of this court in the case of *Adam* v. *Wright*, 84 *Ga.* 720, the act of December 1st, 1893 (Acts 1893, p. 65), to repeal the act of October 19th, 1891, "to provide the mode of granting charters," etc. (Acts 1890-91, vol. 1, p. 190), is not unconstitutional as being in violation of that provision of the constitution which declares that no law shall be repealed by mere reference to its title. (Code, §5076.) The repealing act

| 98 | 807 |
| 103 | 703 |
| 104 | 416 |
| 105 | 182 |
| 98 | 807 |
| 106 | 338 |
| 98 | 807 |
| f107 | 823 |
| e108 | 260 |
| 108 | 261 |
| 98 | 807 |
| 112 | 581 |
| 98 | 807 |
| 114 | 243 |
| 98 | 807 |
| 117 | 273 |
| 98 | 807 |
| 121 | 119 |
| 98 | 807 |
| 128 | 57 |

sufficiently described the act repealed, by setting forth the title of the latter and giving the date of its approval.

3. The law embodied in the code, §§774-797(c), for the incorporation of towns and villages, is not one of a general nature having uniform operation throughout the State, for the reason that it does not apply "to any community, town or village within one mile of the corporate limits of any city in this State," and therefore a very considerable portion of the territory of the State is expressly excluded from its operation. Consequently, it is within the power of the General Assembly to pass an act incorporating a town or village, without violating paragraph 1 of section 4 of article 1 of the constitution. (Code, §5027.)

October 1, 1896.

Petition for injunction.    Before Judge Fish.    Dooly county.    April 2, 1896.

*J. H. Martin*, for plaintiffs.
*Busbee, Crum & Busbee*, for defendants.

SIMMONS, Chief Justice.

Fullington and others, for themselves and other citizens of the town of Pinehurst, brought their petition against Williams and others, to enjoin the defendants, their marshal, clerk and treasurer, from exercising the privileges etc. of mayor and councilmen of Pinehurst, or acting under the act of December 16, 1895, incorporating said town; the petitioners contending that the act referred to was unconstitutional and void on various grounds set out in the petition.    The injunction prayed for was refused, and the petitioners excepted.

1. One of the grounds of attack upon the act in question was, that notice of the intention to apply for its passage was not given before the introduction of the bill, as required by the constitution (art. 3, sec. 7, paragraph 16, code of 1882, §5075), and by the act of December 3d, 1878 (code of 1882, §193a); and it is complained that the court below erred in declining to receive affidavits to this effect.

The question here made is ruled by the decision of this

court in the case of *Speer* v. *Mayor etc. of Athens*, 85 *Ga.* 49, where it was held that evidence outside of the journals of the legislature will not be received to show non-compliance with this requirement. The journals being silent as to whether such notice was given or not, and not being required to speak on the subject, the presumption is that the legislature did not disregard the requirement referred to. See 23 Am. & Eng. Enc. of Law, art. Statutes, 199 *et seq.*

Nor could the court consider any admission of the defendants that such notice was not given. "Courts cannot act upon such admissions in determining the constitutionality of statutes. Facts may be admitted by parties to suits, but the law cannot be made or abrogated by agreement." A statute "cannot be declared to be law or not law at the option of litigants." Freeholders of Passaic *v.* Stevenson, 46 N. J. Law (17 Vroom), 186; Attorney-General *v.* Rice, 64 Mich. 385; Happel *v.* Brethauer, 70 Ill. 166.

2. It was further contended that, at the time the act in question was passed, the legislature had no power to pass such an act, because by an act approved October 19th, 1891 (Acts 1890-91, vol. 1, p. 190), it was provided that the General Assembly should have no power or authority, by local or special enactment, to grant any charter incorporating any town of less than two thousand inhabitants (to which class the town of Pinehurst belonged), but that all such charters should be granted by the superior court of the county in which the town was situated; and that although it was sought to repeal this last mentioned act by an act approved Dec. 1st, 1893 (Acts 1893, p. 65), the repealing act was ineffectual, because not in conformity to article 3, section 7, paragraph 17 of the constitution (Code, §5076), which provides that "no law or section of the code shall be amended or repealed by mere reference to its title, but the amending or repealing act shall distinctly describe the law

to be amended or repealed, as well as the alteration to be made."

In the repealing act above referred to, the act sought to be repealed is described by giving its title in full, and the date of its approval; and under the decision in *Adam* v. *Wright*, 84 *Ga.* 720, this was sufficient. Leave to review that decision having been given, however, and the opinion of the court in that case, in so far as it bears upon this question, being very brief, it may be well to state more fully our views upon the subject.

The main, if not the sole purpose of the provision of the constitution above quoted was to provide for the identification of the law sought to be amended or repealed; and undoubtedly the act of 1893, *supra*, conforms to this purpose. It does not undertake to repeal the act of 1891 by "mere reference to its title." It gives, as we have seen, not only the title, but the date, which is no part of the title. A description of the prior law by its title alone might in many cases be insufficient as a means of identification, because there might be other laws having the same title; and with no other guide than the title it might be necessary to search through the legislation of many years in order to find the law sought to be amended or repealed. No such difficulty can arise, however, where both the title and the date are given, unless in the very exceptional case of two acts with the same title and approved on the same day. Should such a case arise, the failure of the repealing act to make it appear which of the two is intended might well be held to render the description insufficient; but this is not such a case. It will not be contended that in the present instance there is the slightest uncertainty as to what law is referred to, or that there could be any difficulty whatever in finding it.

It has been argued that a further purpose of this provision of the constitution was to require such a description of the law sought to be amended or repealed, as that the

legislature, from the information thus given as to the matter contained in the prior law, would, without having to consult that law itself, be put upon notice of the nature and effect of the proposed legislation. Whether this purpose was in the minds of the framers of the constitution or not, it undoubtedly was not their intention to require that there should be a full or detailed description, such a description as would enable the legislature and the public to understand the provisions of the prior law without examination of that law. Had they so intended they would have required *transcription*, and not merely *description*; for it is not to be supposed that the framers of the constitution contemplated that the legislature would change or repeal laws without a full knowledge of the provisions of the law sought to be amended or repealed. That is was the intention to dispense with fullness of description is apparent, moreover, from the fact that while the preceding constitution required that the law to be amended or repealed should be "distinctly *and fully*" described, the words "and fully" are omitted in the present constitution, the clause as it now stands being taken literally from the preceding constitution, with this exception. In this respect our constitution differs from those of most of the other States of the Union. This difference is noted in the decision of this court in *Fite* v. *Black*, 85 *Ga.* 418, in which an amending act was upheld, although the only information given by it with reference to the provisions of the law sought to be amended was that it "provided for appeals *in forma pauperis.*"

In this connection it may be well to consider also another clause of the constitution,—paragraph 8 of the section and article above referred to (Code, §5067), which requires that an act shall refer to but one subject-matter and that the matter of the act shall be expressed in its title. Whilst the provision contained in paragraph 17, *supra*, is of comparatively recent date, none like it having been embodied

in our organic law prior to the constitution of 1868, and whilst its purpose primarily, if not wholly, was to require identification of the law sought to be amended or repealed and certainty as to the change made, a provision similar to that contained in paragraph 8, *supra,* was embodied in the constitution of 1798; and its manifest and well understood purpose (suggested by the "Yazoo Fraud Act," then fresh in the public mind) was to require that the title of each bill introduced in the legislature should afford notice of the matter contained in it, and should not mislead the public as to its true scope and purport. It was sought by this means to prevent fraud and imposition upon members of the legislature and the public, who, by reason of misleading descriptions in the titles of bills, or by the omission of any reference therein to portions of the subject-matter of the bill, might be thrown off their guard, and fail to look further into the matter or to take such action in regard thereto as they otherwise would. Certainly there is no reason for supposing that the notice contemplated by the more recent of the two provisions referred to, even if the same purpose entered into both, was intended to be more full and definite than that contemplated by the other; yet it will be found that the latter has been given a very liberal construction, and that titles exceedingly brief, general and indefinite have been held sufficient under that clause of the constitution. It has been held that this provision does not require that the title should contain a synopsis of the law, that it is sufficient if the title is descriptive generally of the purposes of the act, and that it is not necessary that it should particularize the several provisions contained in the body of the act. If, then, the title of the act sought to be repealed conforms to this provision of the constitution, surely a repealing act which sets forth that title in full, giving the date of the former act, and stating the purpose to repeal it, is a sufficient compliance with the other provision above referred to. If the title of the

act sought to be repealed is sufficient to meet the evil sought to be corrected by paragraph 17, *supra*, is not a repealing act which gives that title in full sufficient for the same purpose?

Moreover, legislative construction, though of course not conclusive, is not without weight. "The greatest deference is shown by the courts to the interpretation put upon the constitution by the legislature in the enactment of laws and other practical application of constitutional provisions to the legislative business, when that interpretation has had the silent acquiescence of the people, including the legal profession and the judiciary, and especially when injurious results would follow the disturbing of it. The deference due to such legislative exposition is said to be all the more signal when the latter is made almost contemporaneously with the establishment of the constitution, and may be supposed to result from the same views of policy and modes of reasoning that prevailed among the framers of the instrument thus expounded." Endlich, Interpretation of Statutes, p. 743. For nearly twenty years the legislature has treated as sufficient the mode of repeal adopted in this instance. In a number of instances this mode of repeal was pursued by the first legislature to convene after the adoption of the present constitution, and which contained many members of the constitutional convention; and an examination of the volumes of acts from that time onward will show that it has been the practice of the legislature to repeal laws in this manner. Some of the most important legislation of the last two decades is unconstitutional, if the act of 1893, *supra*, is unconstitutional for the reason insisted upon in this case.

More than six years ago the case of *Adam* v. *Wright, supra*, was decided by a full bench, and upon the faith of that decision numerous laws have been repealed in this manner. Upon the faith of that decision contracts have been made and property rights have accrued; municipal-

ities chartered by the legislature have issued bonds and investors have purchased them; and if that decision is now set aside and the legislation referred to held invalid, the harm done will be incalculable. A strong case is thus presented for the application of the doctrine of *stare decisis*, a principle applicable as well in the interpretation of constitutional provisions as it is in the interpretation of statutes. See Endlich, Interp. Stat. §539.

Finally, if there be any doubt as to the correctness of the conclusion stated upon this question, the well settled rule that in a doubtful case an act of the legislature should not be set aside, must not be ignored. Especially is this true where it is not merely a question of setting aside one act, but where the setting aside of the one necessarily involves the setting aside of many others.

We hold, therefore, that the act of 1893, *supra*, was not unconstitutional upon the ground stated, and that the act of 1891, *supra*, was thereby repealed.

3. It was further contended that even if the act of 1891, *supra*, was repealed, the legislature had no power to pass an act incorporating the town of Pinehurst, because by the law embodied in the code, §§774-797(c), provision was made for the incorporation of towns of that class by the superior courts, and the act of incorporation referred to was therefore within the inhibition of that clause of the constitution which declares that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." (Art. 1, section 4, paragraph 1; Code, §5027.) This contention is untenable, for the reason that the provisions of the code above referred to do not constitute a general law within the meaning of this clause of the constitution, inasmuch as it is expressly declared in section 797(c), *supra*, that "none of the provisions of this and the preceding sections, nor of the act of 26th August, 1872, embodied in sec-

tion 774 to 797, shall be deemed applicable to any community, town or village within one mile of the corporate limits of any city in this State." In order for a law to be general under this clause of the constitution, it must operate uniformly throughout the whole State, upon the subject or class of subjects with which it purposes to deal; and a law is not general which expressly excludes from its operation, as the section above quoted does, a considerable portion of the territory of the State. Consequently, it was within the power of the General Assembly to pass an act incorporating a town or village, without violating the constitutional provision here referred to. *Lorentz & Rittler* v. *Alexander*, 87 *Ga.* 444.

What we have said disposes of the various grounds upon which it was contended that the act in question was void. It follows that the court below was right in refusing the injunction prayed for.                *Judgment affirmed.*