MANSON, ordinary, *v.* CITY OF COLLEGE PARK *et al.*

FISH, C. J. 1. The act approved August 7, 1906 (Acts 1906, p. 121), entitled "An act to provide for the change of county-lines lying within the limits of incorporated towns and cities, and for other purposes," is not unconstitutional as referring to more than one subject-matter in its title, nor as containing matter in the act itself different from that expressed in its title.

2. It is not a special, but a general law, and therefore is not in conflict with that provision of the constitution which declares: "County lines shall not be changed, unless under the operation of a general law for that purpose" (Civil Code, §5926); nor with the one which declares that

"no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code, § 5732.

3. After an election has been held in accordance with the provisions of this act, and "a majority of the votes cast thereat [is] in favor of changing the county-lines so as to bring the municipality wholly within the lines of [a] particular one of the adjacent counties," and the mayor and clerk of the municipality have, within thirty days thereafter, certified "the result of such election to the ordinaries or boards of county commissioners or other officer having the control of the county business in each of the counties affected;" and the proper officer, or officers, of each of the respective counties, and the municipal authorities, have thereafter proceeded to readjust and change the lines of the counties affected, in such manner as to include the municipality wholly within the limits of the particular county fixed upon by said election, and have had proper surveys and maps made, showing the county lines as required to be fixed by the result of the election, the municipality, its officers, and any of its citizens and taxpayers have such a common interest in the matter as will authorize them to join in a petition for mandamus to compel the ordinary, who has charge of the business of one of the counties, and who fails and refuses to join in completing the readjustment and change of the county lines, to join with the proper authorities of the other county and those of the municipality in completing such work in accordance with the provisions of the act. See, in this connection, *Town of Roswell* v. *Ezzard*, 128 *Ga.* 43 (57 S. E. 114).

4. Where the petition for mandamus in such a case alleges that the municipal authorities of the town or city in question, "in pursuance of and in conformity with the" above-mentioned act, "submitted to the lawful voters of said municipality, at a special election held on" a named date, the question of changing the county lines so as to bring the municipality wholly within the limits of one county only, after advertising the same as the act requires, and there is attached to the petition as an exhibit, and made a part thereof, a copy of the notice of the call of the election by the municipal authorities, the petition is not demurrable because it fails "to set out any order of the mayor and council ordering said election." The presumption from these allegations is that proper municipal action was taken authorizing such election to be called.

5. It was not necessary to present a petition to the ordinary, requesting "him to certify and pass an order authorizing the publication in papers of said county lines," before mandamus would lie against him to compel him to do so. The petition alleged that a written demand had been made upon him to perform the acts in question.

6. As indicated in the third headnote, the acts which the petition for mandamus sought to compel the ordinary to perform were, under the allegations of the petition, ministerial duties imposed upon him by the statute in question, and not matters as to which he could exercise his own discretion and judgment.

7. The court did not err in overruling the demurrer to the petition, nor in passing an order, upon the hearing, making the mandamus absolute; all questions of law and fact having been, by consent, submitted to the

court without the intervention of a jury, and the evidence being amply sufficient to sustain the judgment.

*Judgment affirmed.   All the Justices concur.*

Argued May 20,—Decided August 19, 1908.

Mandamus.   Before Judge Roan.   Clayton superior court.   May 28, 1908.

*W. L. Watterson* and *J. W. Wise,* for plaintiff in error.

*J. F. Golightly* and *Perry S. Pearson,* contra.