## TOWN OF MAYSVILLE *et al. v.* SMITH *et al.*

1. The act approved September 30, 1879, incorporating the Town of Maysville, and the various amendatory acts, considered. The territorial limits of the Town of Maysville are fixed by the act approved August 18, 1905, and extend three fourths of one mile in every direction from the "center of the old Northeastern depot site."

2. The act approved August 7, 1906 (Acts 1906, p. 121), providing for a change in county lines lying within the limits of incorporated towns or cities of more than 500 population, is not unconstitutional as referring to more than one subject-matter in its title, or as containing matter different from that contained in its title, or as being a special law operating upon a subject-matter provided for by an existing general law.

3. The act of 1906 authorizing an election to determine a change of county lines in towns or cities having a population of more than 500 applies only to towns or cities whose population has been ascertained to exceed 500 by an authorized official census. In the absence of a census taken under proper authority from the State, resort will be had to the last census of the United States to ascertain whether the provisions of the act are applicable to a given town or city.

4. As no census under authority of the State has been taken in the Town of Maysville, and the last census of the United States gives that town a population less than 500, the act of 1906 is inapplicable. The attempt of the officials of that municipality under color of the act to change the county lines within the municipal limit is an ultra vires act, and will be restrained by a court of equity.

Argued January 23,—Decided March 10, 1909.

Injunction. Before Judge Brand. Banks superior court. June 20, 1908.

*A. J. Griffin, Oscar Brown,* and *John J. Strickland,* for plaintiffs in error.

*J. A. B. Mahaffey, J. S. Ayers,* and *Cobb & Erwin,* contra.

EVANS, P. J. The Town of Maysville is located partly in Banks county, and partly in Jackson county. On April 13, 1908, an election was held in this town under the act approved August 7, 1906 (Acts 1906, p. 122), which provides that whenever the boundary-lines of one or more of the counties of this State shall lie within the corporate limits of any town or city having more than five hundred inhabitants, and it is desired to change the county-lines and bring the town or city wholly within the limits of one county only, the change of such county-lines may be effected by an election called and held pursuant to the terms of the act. The greater number of votes cast at this election having been in favor of the future location of the town in Banks county, the town authorities so declared the result, and were proceeding to certify this result to the authorities of the two counties for the purpose of having the county-lines readjusted in accordance with the terms of the act, when certain citizens of Jackson county, residing in the Town of Maysville, applied for an injunction to restrain the authorities of

the town from proceeding further to carry the election into effect. Prior to the hearing Jackson County was made a party plaintiff, and Banks County was made a party defendant. At the hearing the judge granted the injunction prayed for, and defendants excepted.

1.   One of the attacks made by the plaintiffs, in the court below, upon the validity of the election was that the various acts incorporating the Town of Maysville were so confusing in their definition of the corporate limits of the town that the territory intended to be embraced within the municipality could not be ascertained with certainty.   The Town of Maysville was incorporated by an act approved September 30, 1879, "with the corporate limits of said town extending three fourths of one mile in every direction from the Northeastern Railroad depot in said town."   Acts 1878-9, p. 309.   By an act approved October 13, 1885, this act was amended, "in the fourth line thereof, by striking out the words 'three fourths of one mile,' and inserting in lieu thereof the words 'one half of one mile,' so that said section as amended shall prescribe the corporate limits of said town one half mile in every direction from the Northeastern Railroad depot."   Acts 1884-5, p. 418.   On December 6, 1902, an act was approved wherein it was enacted that "an act approved September 30, 1885, entitled an act to amend the charter of the Town of Maysville, in Jackson and Banks counties, be and the same is hereby amended by striking all of section 1 of said act."   Acts 1902, p. 277.   Again, by an act approved August 18, 1905, it was enacted that "section 1 of the act entitled 'an act incorporating the Town of Maysville, in the counties of Jackson and Banks,' approved September 30, 1879, be amended in the fifth line thereof by striking out the words 'one half' and by inserting in lieu thereof the words 'three fourths;' also, by striking out the word 'Northeastern' in the seventh line of said section, and by inserting in lieu thereof the words 'center of the old Northeastern depot site,' so that said section, when so amended, shall prescribe the present incorporate limits of said Town of Maysville, Ga., as extending 'three fourths' of one mile in every direction from the center of the old Northeastern depot site."   Acts 1905, p. 993.   It is contended that the amending act of 1902 is invalid, because it purports "to amend an act approved September 30, 1885, entitled an act to amend the charter

of the Town of Maysville," in certain particulars, whereas there is in fact no act of that date amending the charter of this town, and the act of 1902 therefore fails to sufficiently identify the act to be amended. In *Adam* v. *Wright,* 84 *Ga.* 720 (11 S. E. 893), followed by *Fullington* v. *Williams,* 98 *Ga.* 807 (27 S. E. 183), it was held that the recital of the title of an act, coupled with the date of its approval, satisfies the provision of the constitution which forbids an act to be amended or repealed by mere reference to its title. In those cases the date of the approval of the act, as well as its title, were given, and the fact of the date appearing was stressed as furnishing matter other than the title of the act, and as descriptive of the act to be amended. The act of 1902 merely refers to the title of the act of 1885 for its description, adding thereto the date of its alleged approval. Were this date of approval correctly stated, it would, under the authorities just cited, be sufficient to satisfy the constitutional inhibition against amending an act by mere reference to its title. But here this date being incorrectly given, it is rather matter of misdescription, and there is merely left a reference to the title of the act to be repealed, which by the terms of the constitution is insufficient. Civil Code, §5779.

The title of the act of 1905 is, "An act to amend an act to incorporate the Town of Maysville, in the counties of Jackson and Banks, so as to extend the incorporate limits of said town 'one fourth of one mile in every direction beyond the present corporate limits of said Town of Maysville, Ga., and for other purposes." The first section purports to amend "an act incorporating the Town of Maysville, in the counties of Jackson and Banks, approved September 30, 1879," by striking certain words in certain lines and inserting other words, and ends as follows: "so that said section, when so amended, shall prescribe the present incorporate limits of said Town of Maysville, Ga., as extending three fourths of one mile in every direction from the center of the old Northeastern depot site." The words referred to as to be stricken from certain lines are not in those lines of the act of 1879, but will be found in the act of 1885, which is amendatory of the act of 1879. The amendatory act of 1885 reduced the municipal territory from a circle having a radius of three fourths of a mile to one with a radius of one half of a mile; and as the act of 1902

was invalid, this was the territorial limit of the town in 1905. The purpose of the act of 1905 was to amend the act of 1879 as amended by the act of 1885, so as to extend the municipal limits from a circle with a half-mile radius to one with a radius of three fourths of a mile. After referring to certain verbal changes to be made in the act of 1879, the body of the act summarizing the effect of such changes states that the section when so amended "shall prescribe the present incorporate limits of said Town of Maysville, Ga., as extending three fourths of one mile in every direction from" its designated center. The misdescription of the act of 1879 did not affect the real purpose of the amending act, as expressed in its title and body, and did not render it inoperative, since the means of identifying the thing intended to be accomplished and described are clear, certain, and convincing. The act of 1905 was therefore effective to change the limits of the town from those expressed in the act of 1885 to those of the original act of 1879. *Lee* v. *Tucker*, 130 *Ga.* 51 (60 S. E. 164).

2. The act approved August 7, 1906 (Acts 1906, p. 121), providing for a change of county lines lying within the limits of incorporated towns or cities of more than 500 population, was attacked as unconstitutional as referring to more than one subject-matter in its title, as containing matter different from that contained in its title, and as being a special law operating upon a subject-matter provided for by an existing general law. This act is not unconstitutional for any of these reasons. *Manson* v. *College Park*, 131 *Ga.* 429 (62 S. E. 278).

3. The plaintiffs in the court below contend that the defendants should be enjoined from further proceeding under the act of 1906, for the reason that the act by its terms applies only to towns and cities having a population of more than 500, and by the last official census of the United States—which is the only official enumeration to which recourse could be had to determine its population—Maysville had a population of only 453, and there has been no other authorized official census since 1900. This act of 1906 does not provide how the number of inhabitants shall be determined. On the hearing the plaintiffs introduced the United States census of 1900, showing the population of Maysville to be 453. The defendants introduced an affidavit of the town marshal, to the effect that under authority and direction of the mayor

and council of the Town of Maysville, in the year 1907, he took a census of the population of the town, and found 642 white and 109 colored persons within a radius of three fourths of a mile from the center of the old Northeastern Railroad depot site. This was the only evidence submitted as to the population at the time of the election. The plaintiffs in the court below contend that population under the act of 1906 is to be determined by an official census, while the defendants contend that it may be established by evidence as any other fact is established. An attempted enumeration without power to require and compel answers would be a mere farce. If a municipality may designate any individual it sees proper to enumerate its inhabitants by simply taking a poll and reporting the result of his count, the accuracy of such an enumeration, from the nature of things, would be problematical. When the General Assembly authorizes municipal action based upon population, surely reference could not be made to such a primitive, faulty, and informal method. This is particularly true where it is declared that a law shall be applicable only to localities of a particular population. When the domicil of a citizen residing in a town or city lying in two counties is proposed to be changed and the political rights of such citizen affected by machinery applicable only to towns or cities containing a given population, it is to be presumed that the legislature intended that such machinery should be put in motion only in cases where the population had been ascertained in some manner authorized by the State law, or by the official census of the United States. In Re Assessment, etc., City of Passaic, 54 N. J. Law, 156 (23 Atl. 517). The legislature of this State has frequently recognized the United States census as an official method of determining population. The Civil Code, §4102, provides for jurisdiction of justices' courts within the corporate limits of any of the cities of this State having "by the United States census a population of over five thousand inhabitants." The act providing for compensation of commissioners of roads and revenues in all counties having a population of 75,000 provides that the number shall be ascertained "according to the census of the United States." Acts 1904, p. 96. During the session of 1906 the legislature amended the act providing for the salaries of judges of the superior courts in counties having a population of not less than 54,000 nor more than 75,000 (Acts 1904,

p. 73), by providing that this shall be determined by the last United States census. Acts 1906, p. 56. This same legislature also, in passing the act to regulate the compensation of judges of the superior court for services rendered outside of their own circuits in those judicial circuits of this State having therein a city with a population of not less than 75,000 inhabitants, provided that the number should be determined "according to the census of 1900." Acts 1906, p. 57. So also, with reference to salaries of judges of city courts in cities of prescribed populations (Acts 1906, p. 59), and stenographers in certain city courts (Acts 1906, p. 59), it is provided that the population shall be determined with reference to the United States census. In providing for the apportionment of the school fund on the basis of school population the General Assembly has made provision for an official school census. Civil Code, §§ 1389-1391. The legislature has also made provision for taking the census in cities having a population of more than five thousand intermediate of the decennial census of the United States; and it is expressly provided that such census shall be recognized as a State census of the population of the city "until a new census shall thereafter be taken by authority of the United States Government, or of the State Government." Acts 1906, p. 72. Both the official State and United States census appear to be recognized in the legislation of this State as standards of enumeration. It is true that alongside of these enactments, and sometimes in the same volumes, may be found acts of the legislature which depend for their operation upon a city or county having a specified population, wherein the method of enumeration is not stated. Still it seems from the statutes above enumerated, and many others not here referred to, that it has been the legislative policy of this State to reckon population from an official census. And as the only official census for towns in this State of less than 5,000 inhabitants is the United States census, that was the proper basis for ascertaining the population of the town of Maysville in determining the applicability of the act of 1906.

4. Having reached the conclusion that as no census under the authority of the State has been taken in the town of Maysville, and the last census of the United States gives that town a population less than 500, the act of 1906 is not applicable, any attempt by the officials of the town to effect a change in the county

lines within the municipal limits by virtue of the act is ultra vires, and may be enjoined by a citizen and taxpayer of the municipality. *Town of Roswell* v. *Ezzard*, 128 *Ga.* 43 (57 S. E. 114).

The foregoing disposes of the case irrespective of the merits of the other assignments of error.

*Judgment affirmed. All the Justices concur.*