## HOLLAND v. THE STATE.

1. The primary-election act of the City of Savannah, approved Aug. 12, 1914, is not in conflict with art. 3, sec. 7, par. 8, of the constitution of this State, which declares that " No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," although in the body of said act it is made a misdemeanor for any one to vote illegally at primary elections in the City of Savannah, and although there is no allusion in the title to the penalty for the violation of the provisions of this act.

(a) In determining whether an amending statute contains matter different from that expressed in its title, the title of the original statute may be considered when it is set forth in the title of the amending statute.

2. An amending act which recites the title of the act to be amended, and gives its date, is a sufficient compliance with, and does not violate, art. 3, sec. 7, par. 17, of the constitution of this State, which declares that " No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

(a) This provision refers to what is contained in the body of the amending or repealing act, and not to the contents of its title; and where the body of the act amends the original act by adding a new section which makes certain sections of a third act parts of the act as amended, this is a sufficient description of the alteration to be made in the act sought to be amended, and this is so although such third act and the amending act became laws on the same day.

3. Grounds of demurrer to an accusation, which are not discussed or insisted upon in the briefs of counsel for the plaintiff in error, are deemed waived by this court.

No. 3680. JUNE 7, 1923.

Accusation of unlawful attempt to vote. Before Judge Rourke. City court of Savannah. March 7, 1923.

The defendant was accused, in the city court of Savannah, with the commission of a misdemeanor. The material parts of the accusation are as follows: " D. J. Holland, in the County of Chatham and State of Georgia aforesaid, on the 12th day of December

in the year of our Lord one thousand nine hundred and twenty-two, did, in that certain primary election of the Democratic party in the City of Savannah, which said primary election was held in the said City of Savannah on the 12th day of December, 1922, for the purpose of selecting the nominees of the Democratic party for the office of mayor of Savannah, twelve aldermen of the City of Savannah, a recorder of the said City of Savannah, and for the purpose of electing twenty-four members of an Executive Committee to be known as the City Executive Committee, then and there unlawfully, without being legally and properly entitled to do so, attempt to vote at and in said primary election at and in Box I to N in the 3rd District, to wit the 3rd G. M. District, in the City of Savannah, Georgia." To this accusation the defendant demurred on the following grounds: " 1st. No crime or misdemeanor is charged. 2nd. No offense is set out. 3rd. It is not alleged in what manner the defendant attempted to vote unlawfully. 4th. There is no penal law against illegal voting in municipal primaries. 5th. If the charge laid is under section 8 of the act of 1914, regulating municipal primaries, as the said section 8 refers to section 19 of the act of 1914, regulating municipal elections in the City of Savannah, the same is void for the reason that such part of section 19 of the said municipal-election act as attempts to make a penal offense for any one who votes or attempts to vote in a primary without being legally entitled to do so, is unconstitutional in that in said respects it contains matter different from what is expressed in the title of the act, in violation of par. 8, article 3, section 17, of the constitution of Georgia (Code section 6437). 6th. Because section 19 of the municipal-corporation act of 1914 cannot be made a part of the said primary act by mere reference to the title and section, and in such respect is violative of paragraph 17 of act [art?] 3, section 7 of the constitution of Georgia (Code section 6445). 7th. Because if section 19 of the municipal-election act of 1914 is read into the primary act, it would yet prescribe no penal offense for the alleged offense charged, since said section 19 refers exclusively to elections and does not mention primaries."

The court overruled the demurrer. To this judgment the defendant excepts; and as constitutional questions are raised, the writ of error is returnable to this court.

*John J. Bouhan* and *David S. Atkinson,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.

HINES, J. (After stating the foregoing facts.)

1. On August 12, 1914, the legislature passed " an act to amend an act approved August 19th, 1913, entitled an act to provide for the holding of primary elections in the City of Savannah, Georgia, for the selection of mayor and aldermen of said city; to fix the rules and regulations under which such primaries shall be held, the qualification of voters therein, and for other purposes." Section 8 of said act is as follows: " Sec. 8. By adding after section 7, of said act, another section to. be known as section 8, reading as follows: ' Section 8. Be it further enacted by the authority aforesaid, that the provisions of sections 17, 18, 19, 20, and 21 of the act of the General Assembly of Georgia of 1914, entitled " An act to provide for the registration of voters to vote at the municipal elections in the City of Savannah, and to fix, regulate, and determine the time, place, and manner in which such elections shall be held, and prescribe qualification of voters at all such elections, and to prescribe suitable penalties for all violations thereof, and for other purposes," shall apply to and be of force in all elections held under the terms of this act, and said sections are hereby incorporated in and made a part of this act.' " Ga. Laws 1914, pp. 1172, 1177.

On August 12, 1914, the legislature passed the act the title of which is quoted in full in said section 8. This act we shall refer to as the " general-election act " of the City of Savannah. Section 19 of this act is as follows: " Sec. 19. Be it further enacted by the authority aforesaid. That any person who, without being legally and properly entitled to do so, votes or attempts to vote at any election for mayor and aldermen or recorder for the City of Savannah, or who in any way interferes with the orderly and peaceful conduct and management of the same, shall be held and deemed guilty of a misdemeanor under the laws of the State of Georgia; and punished as provided in section 1065 of the Penal Code of the State of Georgia." Ga. Laws 1914, pp. 1162, 1168. The accusation in this case was based on section 8 of the above act of August 12, 1914, regulating the primary elections in the City of Savannah. One ground of the demurrer attacks this section as unconstitutional on the ground that it is in conflict

with article 3, section 7, paragraph 8, of the constitution of this State, which declares: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Civil Code (1910), § 6437. So the first question for decision is whether this section is unconstitutional because it violates the foregoing provision of the State constitution. The point is made, that the title of this act is not broad enough to cover the provision which makes illegal voting in a primary election in the City of Savannah a misdemeanor. In determining whether an amending statute contains matter different from that which is expressed in its title, and in determining whether such statute is broad enough to cover some provision in its body, the title of the original statute may be considered when it is recited or substantially set forth in the title of the amending act. *Alberson* v. *Hamilton,* 82 *Ga.* 30 (8 S. E. 869); *Newman* v. *State,* 101 *Ga.* 534 (28 S. E. 1005); *Dallis* v. *Griffin,* 117 *Ga.* 408 (43 S. E. 758); *Sayer* v. *Brown,* 119 *Ga.* 539, 544 (46 S. E. 649). In *Alberson* v. *Hamilton,* supra, this court said: "Where the title of a third statute is to amend a second, and the object of the second was to amend the first, the title of the third is broad enough to comprehend the whole subject-matter of the first and second; and if that subject-matter embraced penalty as well as duty, both duty and penalty are within the title of the third statute."

The title of the amended act is "An act to provide for the holding of primary elections in the City of Savannah, Georgia, for the selection of mayor and aldermen of said city; to fix rules and regulations under which such primaries shall be held, the qualifications of voters therein, and for other purposes." The title is broad; its purposes are sweeping. It refers to providing for these primary elections, to fixing the rules and regulations under which they shall be held, to prescribing the qualifications of the voters, and for other purposes. Under such a title, the legislature clearly could put in the body of the act a provision making it a misdemeanor for persons, without the prescribed qualifications of voters, to vote, or attempt to vote, in such elections, and to punish those who should vote or attempt to vote illegally therein. In an act, the title of which was "An act to establish a Board of Dental Examiners, prescribe its powers and duties, and to regu-

late dentistry and the practice thereof, and to repeal existing laws regulating the same, and for other purposes," a penalty was imposed for a violation of its provisions. This court held that such act was not unconstitutional because there was no reference in the title to the imposition of a penalty for such violations. In dealing with that act this court said: " The fact that no allusion is made in the title to penalty for the violation of the provisions of the act, while the body of the act does provide such penalty, does not render the law repugnant to article 3, section 7, paragraph 8, of the constitution of Georgia." *Morris* v. *State,* 117 *Ga.* 1 (43 S. E. 368). " An act to provide against the evils resulting from the traffic in certain narcotic drugs, and to regulate the sale thereof," was held not to violate this provision of the constitution because in the body thereof it made penal the sale or prescription of such drugs and prescribed a punishment therefor. *Stanley* v. *State,* 135 *Ga.* 859 (70 S. E. 591). The title of the Savannah primary-election act is comprehensive. In its body it adheres closely to the purposes expressed in its title, to wit: provision for city primary elections, fixing rules and regulations under which they should be held, declaring the qualifications of voters therein, and other purposes germane thereto. The fact that the fixing of a penalty is not mentioned in the title does not make the act void. That no one shall vote at such election who is not legally qualified to vote is a proper regulation of such election. It is germane to the main purposes expressed in the act, and the words of the caption, " for other purposes," are broad enough to cover the same.

The act in question is different from the one considered in *Corenblum* v. *State,* 153 *Ga.* 596 (113 S. E. 159). In that case the court had under consideration the act of Aug. 16, 1919 (Acts 1919, p. 135) regulating banking in the State, creating the Department of Banking, providing for the incorporation of banks, the amendment, renewal, and surrender of charters, penalties for the violation of laws with reference to banking and banking business, and for other purposes. This court held that section 34 of article 20 of that act, making it a misdemeanor for any person, with intent to defraud, to make, draw, utter, or deliver any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time that he had not sufficient funds or credit with such bank or depository to pay the same, is uncon-

stitutional because it violates the constitutional provision now under consideration. There was no intimation in the title of that act that the legislature was making the giving of any instrument mentioned in that section, under the circumstances therein named, penal. In the act in the instant case, the title called attention to the fact that the legislature was providing for primary elections in the City of Savannah, fixing qualifications of voters, and prescribing rules and regulations under which they should be held. Under these broad powers mentioned in the title, the legislature could punish those illegally voting in such elections, and the act does not offend this constitutional provision.

2. The accusation was further demurred to on the ground that section 19 of the general-election act of the City of Savannah can not be made a part of said primary-election act by mere reference to the title of said act and said section; and that in this respect it is violative of article 3, section 7, paragraph 17, of the constitution of this State, which declares that " No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code (1910), § 6445. Counsel for the defendant contend that the primary-election act of 1914 attempts to amend the primary act of 1913 by reference to its title and date of approval, and by reference to certain sections of the general-election act of the city, passed the same day as the primary-election act, without stating what those sections are or what matter they contain. The specific point is made that the mere recital of the title and date of the amended act does not sufficiently describe it, and does not describe the alterations to be made. It is now well settled in this State, that an act of the legislature can be amended or repealed by a recital of its title and the date of its approval. *Adam* v. *Wright,* 84 *Ga.* 720 (11 S. E. 893); *Fullington* v. *Williams,* 98 *Ga.* 807 (27 S. E. 183); *Town of Maysville* v. *Smith,* 132 *Ga.* 316, 319 (64 S. E. 131). Are the alterations to be made in the act of 1913 sufficiently described? Where the title of an act puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act, which is recited in the

title. *Newman* v. *State,* supra. It is not necessary that the title shall describe the alterations to be made in the amended act. It is sufficient if the body of the act describes such changes. In the body of this act is a full description of the alterations to be made in the prior act. Touching the matter now under consideration, the amending act declares that it is going to add a new section to follow the seventh section of the primary act of 1913, and to be known as section 8 of that act; and then the new section is set out in full. This new section sets out in full the title of the general-election act of the City of Savannah, passed Aug. 12, 1914; and makes sections 17, 18, 19, 20, and 21 of that act apply to, and of force in, all elections held under the terms of the amended primary act, and incorporates said sections in, and makes them parts of, such amended act. Surely here is a full and complete description of the alteration to be made in the old law. The description is none the less full and complete because the contents of these sections are not set out in the amending and amended act. The amending act puts the world on notice what changes were to be effected in the old law. It was incorporating certain sections of a third law in, and making them parts of, the amended law. It must also be borne in mind that this section does not refer to the contents of the title, but refers to what must be contained in the body of the act. *Newman* v. *State,* supra.

The peculiar feature of the section is that the act the sections of which are incorporated in, and made a part of, the amending act, became a law on the same day that the latter act took effect. This situation may have required the exercise by the legislature of prophetic power, but it does not render the amending act void. When the amending act came into being, the act the sections of which were incorporated therein was law. These sections were then in existence. The fact that the act in which these sections are found was in an inchoate condition when it was passed by the legislature does not render uncertain and void the description of the alterations to be made in the act sought to be amended. The legislative intent is clear. It had before it both acts. Its purpose was to make parts of one act applicable to the other, when both became the law. Treating the former act as a full and complete statute before its approval by the Governor. does not make the latter void. Such misdescription, if misdescription it be, does not

invalidate the amending act, and does not render these sections, thus made parts of the amending act, unconstitutional and void. This is not an attempt by the legislature to amend a statute not in existence. *Lampkin* v. *Pike,* 115 *Ga.* 827 (42 S. E. 213, 90 Am. St. R. 153). This process of legislation does not collide with this provision of the constitution. With its wisdom this court is not concerned. So we do not think that this act is unconstitutional for any of the reasons assigned; and the judge of the city court of Savannah did not err in overruling those grounds of the demurrer to the accusation which raised these constitutional objections to its validity.

3. The other grounds of demurrer are not discussed and insisted upon in the briefs of counsel for the defendant, and are to be treated in this court as abandoned. For this reason we do not pass upon them. *Judgment affirmed. All the Justices concur.*