## NEWMAN v. THE STATE.

1. The act entitled "An act to amend section 4570 of the Code of this State, relating to the penalty for selling or furnishing liquor on election days, and for other purposes" (Acts 1887, p. 42), which provides that "primary elections" be added to the elections named in such section, and defines the term "primary elections," is not unconstitutional on the ground that it "contains matter different from what is expressed in the title thereof."

2. Following the previous decisions of this court in dealing with indictments for selling spirituous liquors unlawfully, a special presentment under section 446 of the Penal Code (Code 1882, § 4570) need not, even as against a special demurrer, allege the name of the person to whom the liquor is charged to have been sold, given, or furnished.

3. Where the offense charged was the selling, giving, and furnishing of liquor on the day of a primary election, an allegation that such election was being held "to elect candidates of the democratic party for the various county offices of said county," was a sufficient description of the officers to be chosen, and sufficiently indicated the regular election for such officers to be thereafter held.

4. The signature of the solicitor-general to a special presentment is not essential to its validity, and in any event when placed thereon by his authority, this will be sufficient.

5. A sentence imposed upon one convicted of violating a law of this State "controlling or regulating the liquor traffic," can not lawfully include a revocation of license, or a judgment disqualifying the accused "from selling any form of intoxicating liquors for a term of one year from the date of the license," when there was no charge in the indictment, or presentment, that he was a licensed dealer in such liquors.

6. The verdict in the present case was warranted by the evidence; but, for the reason above stated, the judgment was erroneous in so far as it directed "that the license of the defendant to sell whisky, and all other intoxicating or malt liquors, in the county of Glynn, be and the same is hereby forfeited, and the defendant is hereby declared disqualified

from selling any form of intoxicating liquors for the term of twelve months from the date of this sentence." Direction is given that this part of the judgment be stricken.

Argued April 19, — Decided May 5, 1897.

Indictment for misdemeanor. Before Judge Atkinson. City court of Brunswick. February term, 1897.

*Crovatt & Whitfield,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

·COBB, J. The grand jury of Glynn county returned a special presentment against one T. Newman, charging him with a violation of section 446 of· the Penal Code. The presentment was in the following words: "In the name and behalf of the citizens of Georgia, charge and accuse T. Newman, of the county and State aforesaid, with the offense of misdemeanor; for that the said T. Newman, on the sixth day of June in the year 1896, in the county aforesaid, did then and there unlawfully and with force and arms then and there sell, give and furnish spirituous, intoxicating and malt liquors to various persons, a primary election being then and there held on said day *to elect candidates for the democratic party of said county for the various county offices of said county.*" The accused filed a demurrer upon the following grounds: (1) That said indictment fails to allege that said defendant did sell, give and furnish spirituous, intoxicating and malt liquors to any particular person by name, or to any persons unknown to the grand jury. (2) Because said special presentment does not charge the defendant with any violation of law. (3) Because said special presentment fails to ·enumerate or specify any officers who were then and there to be and were being selected, nominated or elected, and who were to be then and there nominated, selected or elected at the election referred to in said special presentment. The court overruled the demurrer; and this is one of the errors assigned. A plea in abatement was then filed, averring that what purported to be the signature of the solicitor-general on the presentment was not his true and genuine signature. The issue on this plea was submitted to the court upon an agreed statement of facts, from which it appeared that the solicitor-general did not himself

sign the presentment, but it was signed by a person who, though not specially authorized to sign the name of the solicitor to this particular presentment, was authorized by him to sign his name to all court papers wherever his signature was necessary. The judge found against the plea; and this is the second error assigned. An issue on the merits was then made by the plea of not guilty. The jury returned a verdict of guilty. The court sentenced the accused to one month's labor upon the public works, which might be discharged by the payment of a fine of fifty dollars and costs, and added to the judgment the following: "It is further ordered, that the license of the defendant to sell whisky and all other intoxicating and malt liquors, in the county of Glynn, be and the same is hereby forfeited, and the defendant is hereby declared disqualified from selling any form of intoxicating liquors for the term of twelve months from the date of this sentence." A motion was filed by the accused to arrest the judgment in so far as it declared a forfeiture against him and disqualified him from engaging in the sale of liquors for the period of twelve months. This motion was overruled, and error is assigned thereon.

1. Under the general demurrer the constitutionality of the law under which the accused was arraigned is brought in question. It is the law now embodied in sections 446, 447, and 448 of the Penal Code. Section 4570 of the Code of 1882 was as follows: "*Penalty for selling liquor on election day.* Any person who shall sell, give, or furnish any spirituous, intoxicating, or malt liquors to any person, in any quantity whatever, within two miles of any election precinct in this State, on days of election, either State, county, or municipal, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as prescribed in section 4310 of this Code: *provided*, that nothing herein contained shall be construed to operate against prescriptions by physicians." It will be noted that the codifiers of 1882 used the expression, "Penalty for selling liquor on election day," as descriptive of the code section above cited. The act of October 22, 1887 (Acts 1887, p. 42), which is the act assailed in this case, has the following

title: "An act to amend section 4570 of the Code of this State, relating to the penalty for selling or furnishing liquor on election days, and for other purposes." The amendment which the body of the act discloses has an addition to the number of elections covered by the section, embracing therein "primary elections," and then a definition of the new election so added. The question now is, whether the addition of "primary elections" and the definition of such elections is matter different from what is expressed in the title of this act. Keeping in mind that the Code of 1882 had section 4570 identified by the expression, "Penalty for selling liquor on election day," it would strain the meaning of the title to this act to say that it gave notice that nothing would be found in the body of the act except something relating to the penalty or punishment for selling liquor on election days. Properly construed, this title means that an amendment is to be made to section 4570 of the Code of 1882; and in order to more properly identify the section referred to, the framer of the act adds that it is that section which in the code is identified by the expression "Penalty for selling liquor on election day." Therefore the expression, "relating to the penalty for selling or furnishing liquor on election days," found in the title of the amending act, is used to identify the code section which is to be amended, and does not refer to the subject-matter of the amendment. The constitution provides that "No law . . shall pass which . . contains matter different from what is expressed in the title thereof." Civil Code, § 5771. It is further provided in the constitution, that "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code, § 5779. Some confusion arises by not keeping in mind that section 5779 has nothing to do with the contents of the title of an act; it merely provides what shall be contained in the body of the act. Section 5771 prescribes the rule that nothing shall appear in the body of an act that is different from what is expressed in the title. It is well set-

tled in this State that a title "to amend an act entitled an act" (describing by title only an existing law) is sufficient to cover any legislation which is germane as an amendment to the act the title of which is thus recited; that is to say, that when the title puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act, which is recited in the title. *Adam* v. *Wright,* 84 *Ga.* 720; *Bagwell* v. *Town of Lawrenceville,* 94 *Ga.* 654; *Georgia Southern & Florida Railroad Company* v. *George,* 92 *Ga.* 760. It would follow, therefore, that "An act entitled an act to amend section 4570 of the Code of this State," would be a sufficient title to cover any amendment germane to that particular section; and where, as in the act under consideration, the other words added are simply words of further identification of the section to be amended, and the body of the amending act strictly conforms to section 5779, it can not be held that the act is unconstitutional because it contains matter different from what is expressed in the title thereof.

2. The proposition contained in the second headnote is sustained by the previous decisions of this court; and following these, we hold that the court did not err in overruling the demurrer to the indictment. *Ricks* v. *The State,* 16 *Ga.* 600; *Stringfield* v. *The State,* 25 *Ga.* 474; *Hinton* v. *The State,* 68 *Ga.* 322; *Carter* v. *The State,* 68 *Ga.* 826; *Hill* v. *Mayor of Dalton,* 72 *Ga.* 314; *Williams* v. *The State,* 89 *Ga.* 483; *Redding* v. *The State,* 91 *Ga.* 231.

3. An indictment under section 446 of the Penal Code, which charged the accused with selling, giving and furnishing liquor on the day of a primary election, sufficiently indicated the regular election which was to follow, when it alleged that the purpose of the election was "to elect candidates of the democratic party for the various county offices of said county." This certainly was sufficient to identify the election as being one to choose candidates of the political party named, who were to be voted for at the ensuing election to be held in the county for choosing such county officers as were to be elected by the popular vote of the county.

4. A special presentment is supposed to originate in the grand-jury room, and is drawn by the solicitor-general at their suggestion. There is no law in this State which requires such presentment to be signed by the solicitor-general in his official capacity. If such were the law, it would be sufficient if the person signing the presentment did so, either by special authority to sign in particular cases, or by a general authority to sign in all cases where the official signature was required. The signature does not affect the presentment, and its absence does not vitiate it. Whether an indictment which is supposed to originate in the solicitor's office should be signed by him, is not now for decision.

5. Section 452 of the Penal Code, which declares that any vender of intoxicating liquors, who shall be convicted of the violation of any law controlling or regulating the liquor traffic, shall forfeit his license and be disqualified from selling intoxicating liquors for one year, can not apply to any one except a licensed dealer in intoxicating liquors. A presentment for a violation of the law under which the accused was tried may be preferred against either a licensed dealer, or any other person. If it is the intention of the State's officer to insist upon a forfeiture and disqualification as prescribed in the act, the accused must be indicted as a licensed dealer. It follows, therefore, that where, as in the case under consideration, the offense may be committed by a licensed dealer, or by any individual, and the presentment charges the accused simply as an individual, and it is not alleged that he is a licensed dealer, the punishment can be no greater upon him than upon any other individual who is not a licensed dealer in intoxicating liquors. The judgment must follow the pleadings in the case.

6. The evidence in this case was sufficient to warrant the verdict, and the judge did not err in overruling the motion for a new trial. The motion in arrest of judgment, however, should have been sustained.

We therefore affirm the judgment as to the conviction; but direct that the sentence be so amended as to strike therefrom the provisions imposing upon the accused a forfeiture of license and disqualification to engage in selling liquors.

*Judgment affirmed, with direction. All the Justices concurring.*