PUCKETT v. YOUNG.

1. An act purporting to amend a section of the code, which not only states the number thereof, but also indicates its general nature and contents in such manner as to show with reasonable certainty what section is intended, complies with the requirements of paragraph 7, section 7, article 17 of the constitution (Civil Code, §5779), prescribing how sections of the Code shall be amended.

2. The act of December 7, 1899, "to amend sections 1778 and 1781 of the Code of Georgia of 1895, in regard to stock law in militia districts, by providing when, and upon what conditions, the stock law is to go into effect in such districts," is not violative of the above paragraph of the constitution.

3. Nor is that act unconstitutional as being unreasonable, or as impossible of enforcement, or as being contrary to public policy.

Argued December 17, 1900.—Decided January 24, 1901.

Injunction. Before Judge Gober. Pickens superior court. August 14, 1900.

S. A. Darnell and W. T. Day, for plaintiff in error.
John W. Henley, contra.

FISH, J. On the 21st of December, 1899, a stock-law election was held in and for the 1287th district in Pickens county, and the result of the election was declared to be in favor of the adoption of the stock law in this district. Puckett and Young resided in this district, and the former, at what time does not appear, but, from the pleadings in this case, presumably after the expiration of six months from the declaration of the result of election, impounded certain hogs belonging to the latter, and was proceeding, under the provisions of the stock law, to have the same sold, and declared his purpose to likewise impound and dispose of any hogs, cattle, etc., of Young, which should enter upon Puckett's premises. Thereupon Young brought a petition against Puckett, in which he prayed that the latter be enjoined from "impounding, selling, disposing of, or otherwise interfering with the hogs, cattle, and other domestic animals belonging to petitioner, and that in the meantime, and until the final hearing of this petition, said defendant be temporarily enjoined and restrained from selling, or in any manner disposing of, the hogs impounded, and from impounding or in any manner interferring with petitioner's hogs, cattle, and domestic animals." By amendment to the petition, the plaintiff alleged the insolvency of the defendant. At the interlocutory hearing the court passed an

order granting the injunction prayed for, "until the final hearing and until further order of the court," to which judgment the defendant excepted.

1.　The sole question involved in the case is, whether or not the act approved December 7, 1899, entitled, "An act to amend sections 1778 and 1781 of the Code of Georgia of 1895, in regard to stock law in militia districts, by providing when, and on what conditions, the stock law is to go into effect in such districts," is constitutional.　The first section of this act provides that section 1778 of the Code of 1895, "in regard to stock law in militia districts, be and the same is hereby amended by adding at the end of said section, the following proviso, to wit: 'And provided further, that, within six months after such election, a lawful fence, with proper gates, be erected around parts of such district as touch non-stock law or fence law districts or counties as is provided for in section 1781 of the Code of 1895, and if within such time such fences and gates shall not be so erected, then the provisions of said section shall not go into effect.'"　Section second of the act provides that section 1781 of the Code of 1895, "in regard to stock law in militia districts, be and the same is hereby amended by adding at the end of said section the following: *and provided further*, that in no event shall the provisions of the stock law go into effect as the result of a militia district election hereafter held, until and unless, within six months after such election (if in favor of 'stock law'), such fence with gates, as above provided, has been erected around portions of such district as touch non-stock law or fence law districts or counties."　If this act is constitutional, the stock law has never gone into effect in the 1287th militia district, because it is admitted that no fence has been erected around the portions of the district which touch non-stock law districts.　If it is unconstitutional, the stock law did go into effect in that district, as without this act the law would have gone into effect at the expiration of six months from the proclamation of the result of the election, whether such a fence was erected or not.

The defense to the plaintiff's action is based entirely upon the alleged unconstitutionality of this act.　It is contended that the act is violative of par. 17, sec. 7, art. 3 of the constitution, which declares that "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the sec-

tion of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." We think that the decision in *Fite* v. *Black*, 85 *Ga.* 413, is decisive of the question. There an act amending a section of the code was under consideration. In the title of the act the only description of the law to be amended was a mere reference to the number of the section of the code, but in the body of the act the number of the section to be amended was followed by the words, "which provides for appeals in forma pauperis," and this description of the law to be amended was held sufficient to satisfy the above-quoted constitutional requirement. Chief Justice Bleckley said: "Certainly this is a very doubtful compliance with the requirement of the constitution. The description of the law to be amended is very brief, but still it is a description by something more than a mere reference to the section of the code, for the act says that the section provides for appeals in forma pauperis, and this is what the act does provide for. The alteration is also described. . . The description, though brief, is distinct as far as it goes; and whilst we have grave doubts of its sufficiency, we are not prepared to hold that it is insufficient. Indeed we are convinced that this part of our statute law as it now stands is as clear and certain as the great mass of the statute law of the State. Nothing is required to understand fully the effect wrought upon the section amended by the amending act but reading the two together with ordinary attention. Were the requirements of our constitution like some of the constitutions referred to by Cooley and Stimson, this amendment could not be upheld. Cooley, Const. Lim. 151; Stim. Am. Stat. L. § 308. But our constitution, it will be observed, requires only *description* not *transcription;* and while the description must be distinct, there is no requirement that it shall be lengthy or extended. Under the rule that no statute is to be upturned on mere doubt, we hold that the amending act is constitutional." Both the title and the body of the act the constitutionality of which we are now considering give the numbers of the sections of the code to be amended, and state that they are in regard to stock law in militia districts. The sections, the numbers of which are given by the act, are the principal sections of the code which can be so characterized, and the effect of the amending statute is clearly apparent without even consulting the sections of the code

which it amends.   One has but to read the act itself to see that its effect is to prevent the stock law from going into effect, as the result of a militia district election thereafter held, "until and unless within six months after such election" a fence, with the necessary gates, has been erected around such portions of the district as touch non-stock law or fence law districts or counties.   The descriptive terms employed in the act in reference to the sections of the code to be amended, taken in connection with the amendments set forth therein, we think describe the sections to be amended, and the alterations to be made therein, with sufficient distinctness to satisfy the constitutional requirement.   Any intelligent person, in or out of the General Assembly, could have understood the intention and purpose of a legislative bill worded in the exact language of this act, without even referring to the sections of the code which it proposed to amend, and this we apprehend is what this provision of the constitution was intended for.   See *Fullington* v. *Williams*, 98 *Ga.* 807, and cases cited.

3. It is contended, however, that this act is unconstitutional, because "contrary to public policy, unreasonable, unjust, and intended to destroy the efficacy, and to deny the application, of the stock law in districts which had not previously adopted the same." It is also contended that it is unconstitutional because it "imposes impossible conditions, in that it provides for the erection of fences and gates, and does not provide how or by what means, whether by taxation or otherwise, such fences and gates shall be erected; and further that said act does not provide for the condemnation of right of way on or over lands on which said fences and gates are to be erected under said act; nor does said act authorize or provide for the appropriation of private property for public use."   We know of nothing in the constitution which renders a statute void for any of these reasons, except in so far as an act of the General Assembly may contravene the public policy deducible from the constitutional guarantees and prohibitions.   This is the only public policy which can be considered by the courts when determining the constitutionalty of a statute.   So long as the legislature keeps within the limitations of its power imposed by the constitution and enacts law in accordance with its requirements, and the statute passed affects no rights which the constitution guarantees, the courts have nothing whatever to do with the wisdom, expediency, reasonableness, or

justice of a statutory enactment. These are questions solely for the consideration of the lawmaking department of the government. Nor can the courts inquire into the motives of the General Assembly in passing a statute; and the consequences which may result from its enforcement can be considered by the judiciary only so far as they may affect constitutional rights. It may be, for the reasons urged, that this amendment of the law in reference to the adoption of the stock law in militia districts imposes upon those desiring to have such law adopted in such a district practically impossible conditions. For it is true that the legislature has provided no way for the erection of the fences and gates required by this amendatory act to be erected before the stock law can go into effect in militia districts bounded by non-stock law districts or counties. It might be possible, in some very exceptional instances, for the requisite fences and gates to be erected by the voluntary acts and contributions of those in the district who favor the stock law. We say in some very exceptional instances, because it is evident, in the present state of the law, that, even if the friends of the stock law were willing to erect the fences and gates at their own expense, any one upon whose land it should be necessary to build any portion of the fence could, if he saw fit, effectually prevent its erection.

It is contended, in the argument here, that, as it is practically impossible to comply with the conditions imposed by this amendatory act, "it by implication repeals, or renders nugatory, the laws relating to" stock law elections in militia districts, and that "such repeals do not exist in this State." The act in question repeals nothing, either by implication or otherwise. The law upon the subject to which it relates, which was contained in the Civil Code when this statute was enacted, is still in existence, and is simply amended and modified by this act. The amendment may have the effect of practically paralyzing, or suspending the operation of, the law which it amends, but it does not wholly destroy it. If the General Assembly were to simply further amend the law by providing a way in which the required fences and gates could be legally erected, this paralysis, or suspension of operation, would be removed, and the law upon the subject of the adoption of the stock law in militia districts would, without being re-enacted, become fully operative and active. Even if the amendment in question

renders the law which it amends wholly nugatory, the amendatory statute is not void. In such a case, the last expression of the legislature must prevail. As said by Mr. Justice Simmons, now Chief Justice, in *Smith* v. *Oatts*, 92 *Ga.* 694, a case where an amendment to a town charter was under consideration, "To hold the amending act void because the power could not be exercised at all if dependent on this condition, would be to set aside a later, in order to sustain a former, expression of the legislative will; and it is well settled that this can not be done." Chief Justice Bleckley, in *Macon & Birmingham Railroad Co.* v. *Gibson*, 85 *Ga.* 19, said: "In so far as an act passed by a subsequent legislature, or at a subsequent session of the same legislature, is inconsistent with a prior act on the same subject, a repeal of the prior act is effected; and it seems to us to make no difference that the later act may in whole or in part consist of a proviso. The rule, so far as we know, is universal that where there is an irreconcilable conflict between two statutes, the later of the two must prevail and the former give way." But, as seen above, we think there is no irreconcilable conflict between the proviso added by the amendment of 1899 and the law as it stood before this amendment was enacted. The provisions of the two are not inconsistent. But compliance with the conditions imposed by the amendatory act may be, in the absence of further legislation on the subject, impossible, except under extremely rare and exceptionally favorable circumstances, and then only by private enterprise and at private expense.

*Judgment affirmed. All the Justices concurring.*