### 167.  CUNNINGHAM *v.* THE STATE.

RUSSELL, J.  1. The constitutionality of the act of December 20, 1898, amending section 341 of the Penal Code by inserting therein, after the word "any," and before the word "pistol," the words "kind of metal knucks," being the only question involved in this case; and the question having been certified to the Supreme Court, and that court having held adversely to the contention of the plaintiff in error, and that said act is not unconstitutional, an affirmance of the judgment of the trial court, in overruling the demurrer based upon the contention that said amendatory act was unconstitutional, must result.

*Judgment affirmed.*

Accusation of misdemeanor, from city court of Bainbridge— Judge Harrell. December 12, 1906.

Argued January 28,—Decided April 25, 1907.

*W. D. Sheffield,* for plaintiff in error.

#### BY THE SUPREME COURT.

The act approved December 20, 1898, amending § 341 of the Penal Code (Acts of 1898, p. 60), is not unconstitutional for the reason that it undertakes to amend a section of the code by mere reference to the number thereof and does not distinctly describe the law to be amended or the alteration to be made.

The Court of Appeals has certified to this court for decision the following question: Is the act approved December 20, 1898, entitled "An act to amend section 341 of the Penal Code of Georgia, by inserting immediately after the word 'any' in the third line and before the word 'pistol' the following words: 'kind of metal knucks,'" unconstitutional, in this, that said act violates paragraph 17 of section 7 of article 3 of the constitution of Georgia, because it undertakes to amend section 341 of the Penal Code by mere reference to the number of the section, and does not distinctly describe the law to be amended, or the alteration to be made therein?

'Section 341 of the Penal Code is as follows: "Any person having or carrying about his person, unless in an open manner and fully exposed to view, any pistol, dirk, sword in a cane, spear, bowie-knife, or 'any other kind of knives manufactured and sold for the purpose of offense and defense, shall be guilty of a misdemeanor." The act of 1898 is in the following language: "An Act to amend section 341 of the Penal Code of Georgia, by inserting immediately after the word 'any' in the third line and before the word 'pistol,' the following words: 'kind of metal knucks.' Section I. Be it enacted by the General Assembly of Georgia, and it is hereby enacted by authority of the same, that from and after the passage of·this act, section 341 of the Penal Code of this State be, and the same is, hereby altered and amended by inserting after the word 'any' in the third line, and before the word 'pistol' the following words: 'kind of metal knucks,' so that said section when amended shall read as follows: Any person having or carrying about his person, unless in an open manner and fully exposed to view, any kind of metal knucks, pistol, dirk, sword in a cane, spear, bowie-knife, or any other kind of knives, manufactured and sold for the purpose of offense and defense, shall be guilty of a misdemeanor." Acts of 1898, p. 60.

COBB, P. J. (After stating the facts.) The constitution declares: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code, § 5779. It has been held, in numerous cases, that it was not necessary, under this provision of the constitution, that the act to be amended or repealed should be copied in its entirety in the amending or repealing act; in other words, that the constitution called for a description, and not a transcription, and that any reasonable description of the act to be amended or repealed would be a compliance with this provision of the constitution. See *Newman* v. *State,* 101 *Ga.* 538, and cases cited; *Puckett* v. *Young,* 112 *Ga.* 578, and cases cited; *Gilbert* v. *Ga. R. Co.,* 104 *Ga.* 412, and cases cited. In many of the cases above referred to there was in the amending or repealing act something more than a mere reference to the title of the act or section of the code. This matter of description sometimes appears in the

title, sometimes in the act, and sometimes in both. In *Adam v. Wright,* 84 *Ga.* 720, the repealing act contained no other description of the act to be repealed than the title and the date of approval. This was held to be a compliance with the constitutional requirement. In *Georgia Southern & Fla. R. Co.* v. *George,* 92 *Ga.* 760, the amending act contained no other description of the act to be amended than a recitation of its title, the date of its approval, and a recital of how the act would read when amended in the manner indicated in the act. In the opinion Mr. Justice Lumpkin said: "No other act ever passed by the General Assembly of this State had in it a section in the language of the fifth section of the act of 1889, and therefore, when this section is fully transcribed in the amending act, the act to be amended is identified beyond any possibility of doubt. It is true that the 'description' does not precede, but follows, that portion of the act of 1892 which declares what the amendment shall be. The order of arrangement, however, is immaterial. The act of 1892 must be considered as a whole, and when this is done, it will appear that the act of 1889 is distinctly designated, and that its identity would be certain, irrespective of the references to its title which appear both in the title and in the body of the act of 1892. We think this was a substantial compliance with the requirements of the constitution." In *Fullington* v. *Williams,* 98 *Ga.* 807, the repealing act described the act to be repealed simply by giving its title in full and the date of its approval. Following the decision in *Adam* v. *Wright,* supra, this was held to be a substantial compliance with the terms of the constitution. While legislative interpretation of the constitution is not binding upon the courts, it is often strongly persuasive, and especially is this true where the interpretation has been for a long time followed by the lawmaking department of the government. The form of amending an act which was followed in the act now under consideration began with the first General Assembly that convened after the adoption of the constitution of 1877. At nearly every session of the General Assembly since that date, if not at all, amending and repealing acts have been passed in the form in which the one now under consideration appears. As to the consequences of a change of the rule laid down in *Adam v. Wright,* see the remarks of Chief Justice Simmons in *Fullington* v. *Williams,* supra. Following the ruling in *Georgia So. Ry. Co.* v.

*George,* supra, we say, in answer to the question certified by the Court of Appeals, that the act in question is.not unconstitutional for the reason referred to in the question.

*All the Justices concur, except Fish, C. J., absent.*