## JOE *v.* THE STATE.

The act of the General Assembly, approved August 10, 1909 (Acts 1909, p. 216), providing for the repeal of an act relating to the establishment of the city court of Dawson, and the amendments thereto, if constitutional, did not become operative; and the city court of Dawson was not abolished by reason of the votes cast at the general election in October, 1910, the number of votes cast against the city court of Dawson at said election being less than a majority of the qualified voters of the county and less than a majority of all the votes cast at said election, though the number of votes cast at said election "for the city court of Dawson" was less than the number of votes cast "against the city court of Dawson."

APRIL 12, 1911.

The Court of Appeals, under the certificate of its clerk, has transmitted to this court the following: In the foregoing case pending in this court on a writ of error from the city court of Dawson, the Court of Appeals desires the instruction of the Supreme Court as to the following questions of law (partly constitutional), necessary to a proper determination of the case:

The city court of Dawson was established by an act approved December 25, 1898 (Acts 1898, p. 310). On August 10, 1909, an act of the General Assembly was approved, entitled "An act to repeal an act of the General Assembly of Georgia, approved December

28th, 1898, creating the city court of Dawson, and all amendments thereto, for the county of Terrell, and to provide for the transfer of all cases pending therein to the superior court of said county. And further providing that the said act abolishing the said city court of Dawson shall not go into effect and become operative, when passed, until after an election shall have been held by the people of Terrell county, and a majority of the qualified voters of said county shall have voted to abolish the same. And to provide the time of calling said election, and the manner of holding same." (See Acts 1909, p. 216). The question proposed by this act was voted on by the voters of Terrell county at the general election held on the first Wednesday in October, 1910. On that date, there were 1307 qualified, registered voters on the voters' list of Terrell county; of these 770 voted in the election just mentioned; of these so voting, 353 voted "against the city court of Dawson," and 352 voted "for the city court of Dawson," and the ordinary of Terrell county declared this result and that the city court of Dawson had been abolished in pursuance of the terms of the act of 1909, above mentioned.

(1) Is the act approved August 10, 1909, and referred to above, unconstitutional on the ground that it is violative of article 3, sec. 7, paragraph 17, of the constitution of the State of Georgia (Civil Code of 1895, § 5779), in that it does not distinctly describe the law to be repealed? (It is to be noticed in this connection that the act of 1909 mentions an act approved December 28, 1898, while the act under which the city court of Dawson was created was approved December 25, 1898; and also that in the body of the act of 1909 the title of the act under which the city court of Dawson was created is not correctly stated.)

(2) Is the said act approved August 10, 1909, unconstitutional and void because in conflict with article 3, sec. 7, paragraph 8, of the constitution of the State of Georgia (Civil Code of 1895, § 5771), on the ground that the body of the act contains matter different from what is expressed in the title thereof; the title providing "that the said act abolishing the said city court of Dawson shall not go into effect and become operative when passed, until after an election shall have been held by the people of Terrell county, and a majority of the qualified voters of said county shall have voted to abolish the same," and in the body of the act it is provided that the election shall be held on the first Wednesday in Octo-

ber, 1910, and "if a majority of the votes cast shall be 'against the city court of Dawson,' then the said act shall become operative and of full force and effect on December 10th, 1910?" (It is alleged that the term used in the body of the act, "a majority of the votes cast," is in material conflict with the expression used in the title of the act, relating to the same matter, "a majority of the qualified voters of the county.")

(3)   Under the facts stated prefatory to these questions, was the city court of Dawson abolished as the result of said election? (The contention of counsel is that neither a majority of the qualified voters of Terrell county, as shown by the registration list, nor a majority of those voting at the election voted in favor of the abolishment; and that it is not sufficient that merely a majority of those who voted at the election upon the particular question voted in favor of the abolishment.)

*H. A. Wilkinson* and *M. J. Yeomans,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.

HOLDEN, J. (After stating the facts.) The title to the act approved August 10, 1909 (Acts 1909, p. 216), is as follows: "An act to repeal an act of the General Assembly of Georgia, approved December 28th, 1898, creating the city court of Dawson, and all amendments thereto, for the county of Terrell, and to provide for the transfer of all cases pending therein to the superior court of said county. And further providing that the said act abolishing the said city court of Dawson shall not go into effect and become operative, when passed, until after an election shall have been held by the people of Terrell county, and a majority of the qualified voters of said county shall have voted to abolish the same. And to provide the time of calling said election and the manner of holding same." The first section of the act is as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, That an act approved December 28th, 1898, entitled 'An act creating and establishing the city court of Dawson, in and for the county of Terrell, and all amendments thereto, are hereby repealed. *Provided, however,* that this act shall not go into effect, and said court shall not be abolished until the provisions hereof shall have been approved by a majority of the qualified voters of said county of Terrell, in the manner hereinafter pointed out. At the general election to be held for the elec-

tion of Governor and State-house officers, to be held on the first Wednesday in October, 1910, the question, as to whether the said court shall be abolished or not shall be submitted to a vote of the qualified electors of said county of Terrell. Each person wishing to vote for the abolishment of said court shall have plainly written or printed on his ballot, 'Against the city court of Dawson.' And each person desiring to vote for maintaining said court shall have written or printed on his ballot, 'For the city court of Dawson.' If a majority of votes cast at said election be 'For the city court of Dawson,' then this bill shall be of no force or effect. If a majority of the votes cast shall be 'Against the city court of Dawson,' then the said act shall become operative and of full force and effect on December 10th, 1910. The managers of said election are required to certify the result herein provided for to the ordinary of Terrell county, Georgia, within three days after the same has been held, and he is authorized to declare the result thereof." The only other provisions of the act relate to the transfer of cases and records of the city court to the superior court of Terrell county.

In the statement of facts by the Court of Appeals preceding the questions propounded appears the following: "The question proposed by this act was voted on by the voters of Terrell county at the general election held on the first Wednesday in October, 1910. On that date, there were 1307 qualified, registered voters on the voters' list of Terrell county; of these 770 voted in the election just mentioned; of these so voting, 353 voted 'against the city court of Dawson,' and 352 voted 'for the city court of Dawson,' and the ordinary of Terrell county declared this result and that the city court of Dawson had been abolished in pursuance of the terms of the act of 1909, above mentioned." The act did not go into effect and the court was not abolished merely because a majority of the votes cast with respect to the question submitted was "against the city court of Dawson." The question as to whether or not the court should be abolished was submitted at a general election, at which the members of the General Assembly, the Governor, and other State-house officers were elected and amendments to the State constitution were passed on. In 15 Cyc. 390, it is stated: "According to the weight of authority, when a question is referred to a vote of the people, to be decided by a majority of the legal voters at a general election, the requirement calls for the requisite majority

of those who vote on any ticket, nomination, or question at that election, and not merely a majority of those who vote on the particular question presented." The number of votes cast against the city court was less than a majority of the qualified voters of the county and less than a majority of the votes cast at the election. Under no construction of the act can it be said that it became operative and the court abolished because a majority of the votes cast on the question submitted was "against the city court of Dawson," when the votes thus cast were less than a majority of the qualified voters of the county and less than a majority of the total number of votes cast at the election. If the act did not mean that before the court should be abolished a majority of the qualified voters of the county should vote "against the city court of Dawson," it unquestionably meant that before the city court should be abolished a majority of the total number of votes cast by the qualified voters of the county at the election should be "against the city court of Dawson," and not simply a majority of the votes cast for or against the city court of Dawson.

The act was to go into effect only on condition that a certain number of votes was cast against the city court at the general election to be held on the first Wednesday in October, 1910. No provision is made for a submission of the question to the voters at an election held subsequently to the October election in 1910. Under the terms of the act, the court could not be abolished and the act become operative by reason of a vote cast at any election held subsequently to the general election in October, 1910, or by reason of any event occurring subsequently to that election. The act could serve no practical purpose after the October election in 1910 (the result at the election being a refusal to make the act operative), and it is now without practical effect. The only purpose of the act was to have determined in a specified manner whether or not the city court of Dawson should be abolished; and as the city court, under the terms of the act, has not been abolished and *can not hereafter be abolished by virtue of any of its provisions,* the certified questions as to whether the act is unconstitutional, for any of the reasons referred to in such questions, become immaterial. We therefore deem it unnecessary to answer any of the questions propounded other than the last one, which has been answered herein in the negative.                    *All the Justices concur.*