## RAGANS *v.* RAGANS.

No. 15517.   JULY 2, 1946.

*A. J. Whitehurst,* for plaintiff in error.

ATKINSON, Justice. (After stating the foregoing facts.) The law which is brought into question is an act of the legislature approved January 28, 1946 (Ga. L. 1946, p. 90), revising and amending the divorce laws. It is insisted that in so far as this act seeks to change desertion, as a ground of divorce, from three years to one year, it is in violation of article III, section VII, paragraph XVI, of the Constitution of Georgia of 1945 (Ga. L. 1945, pp. 8, 24; Code (Ann. Supp.), § 2-1916), which is as follows: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the

Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

The foregoing paragraph of the Constitution of 1945 is identical with article III, section VII, paragraph XVII, of the Constitution of 1877 contained in the Code of 1933, as § 2-1817. Accordingly, we are not confronted with any change in this particular paragraph as brought forth from the Constitution of 1877 into the Constitution of 1945, and therefore we may look to, and be guided by, the decisions of this court in construing the paragraph in question as contained in the Constitution of 1877.

The title of the act in question is: "An act to revise and amend the laws of Georgia in respect to the granting of divorce and alimony, the grounds therefor, and the procedure incident to pleadings, verdicts, and judgments therein, and to provide for trials by the court both with and without a jury, and for other purposes." Section 2 of the act, in part, provides: "That section 30-102 of the Code of Georgia of 1933 shall be amended by striking therefrom subsection 7 and inserting the following in lieu thereof: 7. Wilful and continued desertion by either of the parties for the term of one (1) year." Section 30-102 sets forth the grounds for total divorce, and subsection 7 thereof makes desertion for 3 years a ground therefor.

The provision of the Constitution here in question is to prevent the legislature from amending or repealing any law or section of the Code without such amending or repealing act describing the law or section of the Code to be amended or repealed, and the alteration to be made. This provision is not complied with if the only reference to the law to be amended or repealed is its title or the number of the Code section. One, if not the only, object of this provision is to put every one, legislators and the public who might be affected, on guard as to all matters connected with the subject-matter.

What the divorce act of 1946 seeks to repeal, is not an act of the legislature, but a subparagraph of a Code section. So, therefore, the sole question for determination is whether this act purports to amend or repeal the Code, § 30-102 (7), by mere reference to the number of the section, or whether the repealing act distinctly de-

scribes the law to be amended or repealed and the alteration to be made.

The first part of the title to the act is as follows: "An act to revise and amend the laws of Georgia in respect to the granting of divorce and alimony, the grounds thereof, . ." Section 1 repeals "Section 30-101 of the Code of Georgia of 1933, entitled 'Total and partial; how granted; concurrent verdicts,'" and substitutes in lieu thereof a paragraph beginning with, "Divorces, how granted." Section 2 amends the Code, § 30-102, by striking subsection 7 and inserting in lieu thereof, "Wilful and continued desertion by either of the parties for the term of one (1) year," and also adds to this section, "Habitual intoxication" and "cruel treatment." Section 4 amends the Code, § 30-105, as to pleading, stating: "The action for divorce shall be brought by written petition and process." Section 5 amends the Code, § 30-106, which as amended begins, "When a petition for divorce shall be filed." Section 9 repeals the Code, § 30-116, and inserts in lieu thereof a section which in part states, "Final judgment . . may restore the divorced wife's maiden name," and then sets forth in detail a form of judgment to be used in granting a total divorce. Other sections of the act which are not here enumerated are merely directed to the repeal of specified Code sections.

Therefore—considering the title along with the act in its entirety, and taking cognizance of its many and varied references to the divorce law, the grounds for divorce, and the use of expressions that under our law relate solely to proceedings for divorce, and the further fact that the act clearly defines the alteration to be made in the ground for divorce based upon desertion—it is apparent that the act was sufficient to put every one on notice that the divorce law, as to the grounds of desertion, was being amended; and accordingly it was not an attempt to amend or repeal a section of the Code by mere reference to the number of a Code section as prohibited in the Constitution of 1945, article III, section VII, paragraph XVI.

This provision of our Constitution requires only description, not transcription, and though the description must be distinct it need not be lengthy or extended. In *Fite* v. *Black*, 85 *Ga.* 413 (11 S. E. 782), where an act gave the number of the Code section to be

amended, and the only additional description given was, "which provides for appeals in forma pauperis," it was held to be sufficient to meet this constitutional provision.

■ The plaintiff in error insists that, when this paragraph of the Constitution is invoked, the title of the act cannot be considered, but only the body of the act must be looked to. To this contention we do not agree, as this court has many times held that, in determining whether an act is in violation of the stated paragraph of the Constitution, the title as well as the entire act may be considered. *Adam v. Wright,* 84 *Ga.* 720 (11 S. E. 893); *Georgia Southern & Fla. R. Co.* v. *George,* 92 *Ga.* 760 (19 S. E. 813); *Puckett* v. *Young,* 112 *Ga.* 578 (37 S. E. 880); *Cunningham* v. *State,* 128 *Ga.* 55 (57 S. E. 90); *State Highway Dept.* v. *Bass,* 197 *Ga.* 356 (29 S. E. 2d, 161). In *Tison* v. *Doerun,* 155 *Ga.* 367 (116 S. E. 615), where the only description of the act to be amended appeared in the caption of the amending act, it was held not to be in violation of this paragraph of the Constitution. In *Holland* v. *State,* 155 *Ga.* 795 (118 S. E. 203), dealing with this same paragraph of the Constitution, at the bottom of page 800, it is said: "Where the title of an act puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act, which is recited in the title."

There is no ruling to the contrary in *Southwestern R. Co.* v. *Wright,* 156 *Ga.* 1 (118 S. E. 552), relied upon by the plaintiff in error. In that case the act in question was attacked upon two constitutional grounds: first, it was an attempt to amend an act by mere reference to its title (Code, § 2-1817); and second, it contained matter different from what was expressed in the title (§ 2-1808). The decision contains a long quotation from *Newman* v. *State,* 101 *Ga.* 534 (28 S. E. 1005), and reference to the *Newman* case shows that it was ruling on the constitutional provision as to whether it contained matter different from what was expressed in the title, and not to the constitutional provision against amending or repealing an act or Code section by mere reference to its title or its number. Accordingly, what was said in the *Newman* case in reference to this latter provision of the Constitution was obiter dictum. Furthermore, this quotation from the *Newman* case, in so far as it relates to amending or repealing an act or Code section by reference to its

title or the number of the Code section, is contradictory, in that it says that this paragraph of the Constitution "has nothing to do with the contents of the title of an act; it merely provides what shall be contained in the body of the act;" and subsequently in the same paragraph states, "when the title puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act which is recited in the title" (citing *Adam* v. *Wright,* 84 *Ga.* 720; *Bagwell* v. *Lawrenceville,* 94 *Ga.* 654, 21 S. E. 903, and *Ga. So. & Fla. R. Co.* v. *George,* supra, the first and last of which have heretofore been cited in this opinion, and are authority for the title to be considered in applying this paragraph of the Constitution). Though this quotation was contained in the decision in *Southwestern R. Co.* v. *Wright,* supra, where both provisions of the Constitution had been invoked, it was there held that the act in question was not in violation of either paragraph of the Constitution; and could therefore be no authority for ruling that the paragraph of the Constitution invoked in the instant case "has nothing to do with the contents of the title of an act; it merely provides what shall be contained in the body of the act."

*Judgment affirmed. All the Justices concur, except Duckworth and Head, JJ., who dissent.*