26185. MAYSON v. DAVIS et al.

PER CURIAM. This is a declaratory judgment action brought by Charles L. Davis, individually and as Director of Finance of the City of Atlanta, seeking a declaration as to the constitutionality of Section 5A of the Act approved March 24, 1970 (Ga. L. 1970, pp. 724-728). Named as defendants are several individuals and corporate plaintiffs in garnishment, the Clerk and Marshal of the Civil Court of Fulton County, the Clerk of the Superior Court of Fulton County, the Sheriff of Fulton County and Ordinary of Fulton County, all in their official capacities. No question is presented as to the standing of Davis to sue or as to the propriety of declaratory relief. The trial court entered a judgment declaring Section 5A of the Act in question unconstitutional and that is the judgment for review. *Held:*

Article III, Sec. VII, Par. XVI of the Constitution of this State (*Code Ann.* § 2-1916) provides that, "No law or section of the Code shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing Act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

Section 5A of the 1970 Act (Ga. L. 1970, pp. 724-728) reads: "Chapter 46-8 of the Georgia Code is hereby amended by striking Section 46-805 in its entirety." While it appears that the entire 1970 Act contains a number of other sections and that all of those sections are, in one respect or another, an amendment to the garnishment law of this State, there is not one word descriptive of the portion of the garnishment law intended to be repealed by Section 5A of the Act. In *Fite v. Black*, 85 Ga. 413 (11 SE 782), this court had under consideration the constitutionality of an Act amending a section of an Act by reference to its number and containing only the descriptive words, "which provides for appeals in forma pauperis." Chief Justice Bleckley, speaking for this court, said, "Certainly, this is a very doubtful compliance with the requirement of the Constitution. The description of the law to be amended is very brief, but still it is a description by something more than a mere reference to the section of the Code." P. 417. We take the effect of that ruling to be that anything less than what was contained in the Act there under consideration will not suffice. Though we may know that Chapter 46-8 of the Code is one of the several chapters of the Code dealing with garnishment, and though the Act when considered as a whole may clearly indicate that it is the garnishment law that is being amended, Chapter 46-8 contains a number of sections relating to diverse matters on the subject of garnishment, and the requirement of the Constitution is not met unless some words descriptive of the content of the Code section to be repealed or amended are embodied in the Act. Any number of suggested phrases descriptive of the content of Section 46-805 may come to mind upon a reading of that section, such as, "dealing with entry of judgment in such garnishment only after consent of the official as agent of the garnishee" or "providing for consent and assent of the official served to the entry of judgment in such garnishment." In the absence of some such language descriptive of the Code section repealed by section 5A of the Act, it did not satisfy the constitutional requirement.

*Judgment affirmed. All the Justices concur, except Hawes, J., who dissents.*

ARGUED NOVEMBER 12, 1970—DECIDED MARCH 18, 1971.

James L. Mayson, *pro se.*

*Henry L. Bowden, Ralph H. Witt,* for appellees.

HAWES, Justice, dissenting. I do not think that Sec. 5A of the 1970 Act, when viewed in the light of principles laid down by previous decisions of this court, is violative of the provision of the Constitution invoked. My reasoning and the authority upon which I base it are hereinafter set forth.

"The legislature is bound by the Constitution as well as this court, and the members of the legislature, like ourselves, are sworn to maintain it. All presumptions are in favor of the constitutionality of an Act of the legislature, and hence we hold ourselves bound by the law of extreme caution, when invoked to decide against the constitutionality of a statute. We will not pronounce a law unconstitutional, unless it be *plainly* unconstitutional. If we have doubts, those doubts determine the question in favor of the law. If however, we have no doubts, then our highest obligation and the most sacred of our functions, demand a judgment against the law." *Macon & Western R. v. Davis,* 13 Ga. 68, 83. This court has adhered to these principles through all its history. See *Brooks v. Mutual Loan &c. Co.,* 95 Ga. 178, 181 (22 SE 55); *Wright v. Hirsch,* 155 Ga. 229, 233 (116 SE 795); *Harrison v. Hartford Steam Boiler &c. Co.,* 183 Ga. 1, 5 (187 SE 648); *Coy v. Linder,* 183 Ga. 583, 585 (189 SE 26); *Mayes v. Daniel,* 186 Ga. 345, 350 (198 SE 535). So unless the Act here in question plainly and palpably violates the provisions of the Constitution invoked, it ought not to be declared by the courts to be unconstitutional.

In considering whether Sec. 5A of the 1970 Act (Ga. L. 1970, pp. 724, 728) measures up to the requirements of Art. III, Sec. VII, Par. XVI (*Code Ann.* § 2-1916) of the Constitution of 1945, the court should look, not only at the section of the law under attack, but to the entire Act itself. In deciding this question in this case, it is not necessary for us to resort to the caption of the Act because the body of the Act clearly and unequivocally puts all of those who would be concerned with it on notice that the provisions of the Code relating to garnishments are being amended. It

has been many times held that when an Act, examined as a whole, shows that it was the intent of the legislature to amend a particular law, or Code section, that this puts everyone, including the legislators considering the bill and the Governor who signs it, on notice of what is about to be done and this satisfies the Constitution. *Holland v. State,* 155 Ga. 795, 800 (118 SE 203); *Humthlett v. Reeves,* 211 Ga. 210, 219 (85 SE2d 25); *Stembridge v. Newton,* 213 Ga. 304, 306 (99 SE2d 133). The provision embodied in Art. III, Sec. VII, Par. XVI of the Constitution of 1945 has been held many times to require only a description and not a transcription of the law to be amended. *Puckett v. Young,* 112 Ga. 578, 580 (37 SE 880); *Cunningham v. State,* 128 Ga. 55, 56 (57 SE 90). As we have already observed, it is clear from the Act in question that the garnishment law of this State as embodied in Title 46 of the Code is the law to be amended thereby and, under the authorities cited, we think that the statute sufficiently meets the requirements of the constitutional provision invoked. See, generally, on this question, *Adam v. Wright,* 84 Ga. 720 (11 SE 893); *Ga. S. & F. R. Co. v. George,* 92 Ga. 760, 763 (19 SE 813); *Mayes v. Daniel,* 186 Ga. 345, 354, supra; *Ragans v. Ragans,* 200 Ga. 890 (39 SE2d 162); and *Stembridge v. Newton,* supra.

Nothing contained in the confusing and contradictory (*Ragans v. Ragans,* 200 Ga. 890, 894, supra) opinion of this court in the case of *Newman v. State,* 101 Ga. 534 (28 SE 1005) requires a different result from that which we have reached with regard to this point of the case. That case did hold, at least, that when the title of an Act puts everyone on notice that a certain Act or law is to be amended, this is sufficient for everyone who may be affected by the amending Act to be on his guard as to all matters connected with the subject matter of the Act as recited in the title. Id., p. 538. Clearly, the title of the Act here in question puts everyone on notice that it is the garnishment law that is to be amended. As was said in *Holland v. State,* 155 Ga. 795, 801, supra, it is not necessary that the title of the Act shall describe in detail each alteration to be made in the law to be amended.

For the foregoing reasons, I must respectfully disagree with my colleagues as to the results reached in this case. I do not think the Act is violative of the provisions of the Constitution invoked or that we should hold it so.